NORTHWESTERN MUT. LIFE INS. CO. v. JACKSON et al.—
83 S. W. (2d) 279.

Middle Section. December 8, 1934.

Petition for Certiorari denied by Supreme Court, June 10, 1935.

Bell, Hibbitts & Russell, of Nashville, for complainant.

W. M. Fuqua and William D. Dodson, both of Nashville, for defendants.

DeWITT, J. The bill in this cause was filed by the Northwestern Mutual Life Insurance Company against William M. Jackson, his wife, Estella B. Jackson, Amosa W. Jackson, and Sidney Rosenburg to obtain a judgment against said defendants, except Mrs. Jackson, on a note for $6,000 and interest, together with costs, taxes, solicitors' fees, and other expenses incident to the litigation; to have said judgment declared a first lien on a tract of 137 acres and 94 poles situated in Davidson county; and to have the land sold for satisfaction of said judgment by foreclosure of a mortgage thereof to the complainant insurance company executed on December 31, 1925, by William M. Jackson and his wife to secure the payment of said obligations—default in payment having occurred.

On August 27, 1926, Wm. M. Jackson and his wife conveyed this land to Amosa W. Jackson, who, as a part of the consideration, assumed the debt secured by the mortgage.

On February 10, 1932, Amosa W. Jackson and his wife conveyed two tracts of this land, amounting to 97 acres and 60 poles, to Sidney Rosenburg, who, as a part of the consideration, assumed the payment of the balance of $5,700 of the principal of the said note with interest, secured by the said mortgage.

Upon the hearing, the chancellor sustained the bill, rendered a decree against the two Jacksons and Rosenburg for $7,369.96, and ordered that should it be unpaid after thirty days, the land be sold by the clerk and master, after due advertisement, for the satisfaction of said judgment and costs and payment of taxes.

The judgment remaining unpaid, the clerk and master advertised a sale of the property to be held on March 10, 1934. On the day preceding that day, Amosa W. Jackson and Sidney Rosenburg notified the clerk and master that they had caused the land to be subdivided into ten small tracts, and they directed him to sell the land tract by tract. They filed plans showing the subdivision.

Thereupon the ten small tracts were separately offered for sale, bringing a total of $5,775, which was less than the amount of the judgment. The land was then offered for sale as a whole, and it was struck off to W. M. Jackson, who complied with his bid. A few days later the bids on four of the small tracts were advanced. The clerk and master made report of these transactions. The defendant William M. Jackson thereupon increased his bid on the land as a whole to the sum of $7,552.22, which amount covered the judgment in favor of the complainant as well as the cost of the cause to date of sale.

The defendants Amosa W. Jackson and Sidney Rosenburg filed petition and exceptions to the report of sale of the clerk and master and on the hearing of the same it appeared that the defendant William M. Jackson, who was highest bidder at the sale, was willing

that the bidding be reopened or that the sale be set aside, and no objections being offered by the complainant, the Northwestern Mutual Life Insurance Company, a decree was entered setting aside the sale made on the 10th day of March, 1934, and directing the clerk and master to advertise the land for sale and to offer same for sale, first in tracts according to plan submitted by the defendants Amosa W. Jackson and Sidney Rosenburg, on March 9, 1934, and in the event a sale of the land in tracts failed to realize an amount sufficient to pay the judgment and costs, directed the clerk and master then to offer the land for sale as a whole and adopt and report the sale which brings the largest sum.

To the action of the court in ordering a sale as provided in the decree last above mentioned, and to the manner of the sale provided therein, the defendants Amosa W. Jackson and Sidney Rosenburg excepted, prayed, and perfected an appeal to this court.

The assignments of error are as follows:

"1. The court erred in failing to direct the Clerk and Master to sell the lands in question in tracts according to the plans of division submitted by the owners of the property, and to sell only so many tracts as would be necessary to realize an amount sufficient to pay the judgment and costs in this cause.

"2. The court erred in directing the Clerk and Master, in the event a sale of the lands in tracts failed to realize an amount sufficient to pay the judgment and costs in this cause, to offer the lands in question for sale as a whole and adopt and report the sale which brings the largest sum."

The Code, Section 7802, provides as follows:

"Division of land to be sold, when to be made.—At any time before ten o'clock in the forenoon on the day of sale, the defendant or other person whose property is to be sold may deliver to the officer or person making the sale, a plan of division of the lands to be sold, subscribed by him, bearing date subsequent to the date of advertisement, in which case so much of the land as may be necessary to satisfy the debt and costs, and no more, shall be sold according to the plan furnished. If no such plan is furnished, the land may be sold without division."

The contention of the appellants forming the basis of the assignments of error is that the chancellor should have instructed the clerk and master to sell the lands in tracts, according to the plan of division submitted by them, and sell only so many tracts as would be necessary to satisfy the debt and costs.

It is true that the decree does not direct the clerk and master to sell only so many tracts as would be necessary to satisfy the debt and costs; but it does provide that the land shall first be sold in tracts, and that a sale of it as a whole shall only be made in the event that the sale in tracts fail to bring the amount

necessary. If, therefore, a sale of less than all the tracts should bring such amount, no further sale should be made. If a sale of all the tracts separately should be necessary to bring such amount, or if it should bring more, then a sale of the land as a whole should be made in justice to the debtors, for equity would demand that they have the benefit of the largest surplus that might be realized. We think that these interpretations are not inconsistent with the provisions of the section of the Code hereinbefore quoted. See Merrimon v. Parkey, 136 Tenn., 645, 660, 191 S. W., 327.

If there should be no surplus from a sale in tracts, but a surplus from a sale as a whole, it might afford a better means of adjusting the relations between subvendees of the land. It appears that these lands are owned severally by Amosa W. Jackson and Rosenburg. Some of these smaller tracts are Rosenburg's and one or more are Jackson's. Rosenburg was the primary debtor, having assumed the mortgage debt, and Jackson became surety for him by the trade. We might assume that the clerk and master would first sell Rosenburg's smaller tracts and then Jackson's, if necessary. If such sale of all the tracts would just bring the debt and costs, then a sale of the whole tract would be advisable in the hope that a still larger sum might be realized so that there might be something to divide on some proper basis.

The objection that the interest of the debtors demands that a sale be made only of the small tracts separately (on the ground that persons interested in purchasing small tracts would be deterred by a prospect of a sale as a whole) is met by the provision that a sale of the land as a whole be made only in the event that the sale in smaller tracts be insufficient to satisfy the debt and costs.

No sale has been made under the decree appealed from; consequently we are not in any position to determine whether or not the omission expressly to direct a sale only of so many tracts as would be necessary was material. Certainly the clerk and master is fully aware of the purpose of the sale—to satisfy a debt and costs—and of the provisions of the law as to sales of such character. The chancellor must determine whether or not sales shall be confirmed. If the law should not be complied with, he would afford a remedy. We construe the chancellor's decree as meaning that if less than all the smaller tracts bring the necessary sum, no further sale shall be made.

The assignments of error are overruled at the cost of the appellants. The decree appealed from is affirmed. The cause will be remanded to the chancery court of Davidson county for all further proceedings necessary and in harmony herewith.