PROGRESSIVE BUILDING & LOAN ASS'N *v.* MCINTYRE.

(*Nashville,* December Term, 1935.)

Opinion filed January 11, 1936.

McDonald & McDonald and H. R. Ratcliff, all of Memphis, for appellant.

R. G. Kinkle, of Memphis, for appellees.

Mr. Special Justice Davis delivered the opinion of the Court.

This bill alleges that, at a foreclosure sale held on May 23, 1934, complainant became the purchaser of the real estate described in the bill; that the sale was held by the authorized trustee under a deed of trust executed by defendants H. P. Wade and wife; that such sale was held after an advertisement in a newspaper published on May 1, 8, 15, and 22. It is alleged that complainant had entered into a written agreement with defendant McIntyre under which McIntyre was to purchase the premises of complainant, but that McIntyre has declined to carry out his contract of purchase, on the ground that complainant's title is fatally defective for failure to advertise the sale under the deed of trust in accordance with its terms.

The complainant prays a construction of the duties resting upon the trustee under said deed of trust, which instrument is exhibited with the bill, prays for an adjudication of the rights of all the parties, and for general relief.

Defendant McIntyre answered, admitting the allegations of the bill and denying that complainant had, or could convey to him, a good title on the ground already stated. A *pro confesso* was entered against Wade and wife.

The cause was tried upon a stipulation of facts; it being agreed that the advertisement of the sale was made on the dates given and that the sale thereunder was had on May 23. Upon the facts, the chancellor held the sale void and complainant's title invalid, but ordered a foreclosure of the deed of trust. Prior to the chancellor's decree, the Progressive Building & Loan Association was placed in receivership; L. L. Hidinger being the receiver. He intervened in his own name, as receiver, and from the chancellor's decree has appealed to this court.

The deed of trust in question authorized the trustee thereunder to sell the premises "after having advertised the time, terms and place of sale once a week for four successive weeks, by publication in some newspaper published in Memphis, Tennessee."

It will be observed that the sale was had after only twenty-two days' advertisement or notice. The deed of trust under which the sale was held was prepared by and executed for the benefit of complainant; the instrument waives and conveys the equity of redemption of the makers, and it is such an instrument as must be strictly construed, and the terms thereof must be followed strictly by the trustee, in order to deprive the makers of their title by means of a sale thereunder.

The requirement that the trustee must advertise his sale once a week for four consecutive weeks must

be given a definite meaning, and a construction which will save to the makers of the instrument their full and complete rights thereunder. The word "week," in its most accurate sense, means a period of time of seven consecutive days. 62 C. J., 972. When the term "week" is used in instruments such as we have before us, the term is used in its legal and commonly understood meaning, and means a period of seven consecutive days. Such construction has been given to the word and to the use of the word in language like and similar to that found in this instance in a number of cases. In *Walker* v. *Stuart* (D. C.), 261 F. 427, where a decree of sale required that the publication thereof be made once a week for at least four weeks, and the publication was made on May 22 and 29, June 5 and 12, and the sale held June 14, or on the twenty-third day after the first notice, it was held that the notice and publication were insufficient. A similar result was reached in *Conley* v. *Redwine*, 109 Ga., 640, 35 S. E., 92, 77 Am. St. Rep., 398, under a Georgia statute.

But a clear and decisive interpretation of the language is found in *Leach* v. *Burr*, 188 U. S., 510, 23 S. Ct., 393, 47 L. Ed., 567, quoting from *Early* v. *Doe ex dem. Homans*, 16 How. 610, 14 L. Ed., 1079, where it is said:

"The preposition 'for' means of itself duration, when it is put in connection with time, and, as all of us use it in that way in our everyday conversation, it cannot be presumed that the legislator, in making this statute, did not mean to use it in the same way. Twelve successive weeks is as definite a designation of time, according to our division of it, as can be made. When we say that anything may be done in twelve weeks, or that

it shall not be done for twelve weeks, after the happening of a fact which is to precede it, we mean that it may be done in twelve weeks or eighty-four days, or, as the case may be, that it shall not be done before.''

■ Under the instrument before us, we hold that the makers were entitled to have the published notice of the sale under the deed of trust to run for a full period of twenty-eight days next prior to the sale. The requirement that the notice should be published for four consecutive weeks is equivalent to a requirement that such notice be published for once a week for four successive weeks, the first of which notices shall not be less than twenty-eight days prior to the date of sale. No other construction would give the makers the protection contemplated in their behalf.

The chancellor's decree will be affirmed, at the cost of the receiver, and the cause remanded.