Gilbert R. GALYON and Oak Ridge Enterprises, a Partnership,
Plaintiffs/Appellants/Respondents,

v.

FIRST TENNESSEE BANK NATIONAL ASSOCIATION, John Hicks, Successor Trustee, Defendants/Appellees/Petitioners.

Supreme Court of Tennessee,
at Knoxville.

Jan. 14, 1991.

Andy D. Lewis, Garner, Lewis & Prickett, Chattanooga, for plaintiffs/appellants/respondents.

Stephen G. Anderson, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Knoxville, for defendants/appellees/petitioners.

## OPINION

O'BRIEN, Justice.

Plaintiff, Gilbert Galyon, brought this action in the Circuit Court for Anderson County alleging breach of contract, and for damages sustained as a result of foreclosure proceedings initiated by defendant, First Tennessee Bank, under a deed of trust encumbering property owned by him. Relief sought included restoration to ownership and possession of the property or in the alternative compensation for damages.

Defendants responded to the complaint and raised three (3) affirmative defenses, asserting (1) that the complaint failed to state a claim upon which relief could be granted; (2) that the claim was barred by the doctrine of laches; (3) the bank was entitled to set off any damages which might be sustained by the plaintiff against the balance of indebtedness owed by him.

Both parties filed motions for summary judgment. After due consideration the trial judge entered an order in which he made appropriate findings. He dismissed the suit against Quadrix Corporation, a third defendant, finding that it had purchased the property in question in good faith as an innocence purchaser. On the issues of premature sale and inadequate consideration he sustained the motion for summary judgment filed by defendants, First Tennessee Bank and John Hicks, successor trustee appointed under the provisions of the trust deed.

On the issue of laches he found that it was an available, affirmative defense in a breach of contract action. However, he questioned the availability of that defense on a motion for summary judgment. He declined to rule on the issue though finding "there is strong proof that the plaintiff has set (sic) upon their rights and failed to avail themselves of other remedies in support of their theories advanced." Plaintiff appealed.

The Court of Appeals found that plaintiff had borrowed the sum of $480,000 from the bank on or about 3 April 1984. The loan was secured by a deed of trust pledging the real estate. Plaintiff defaulted on the loan, a foreclosure was had, and the property sold at public auction. The sale was advertised on August 1st, 8th, and 15th, 1985. The sale was held August 21, twenty (20) days after the first advertisement.

Plaintiffs alleged that the foreclosure sale was wrongfully held because the bank and trustee did not comply with the terms of paragraph 7 of the deed of trust with regard to advertising the sale. Their further finding was that, under paragraph 7(b), the trustee was "empowered and authorized" to advertise the sale of the property and *then* to sell the property.

They held that although defendants complied with T.C.A. § 35–5–101, which requires that a foreclosure sale be advertised three (3) times with the first advertisement to appear at least twenty (20) days prior to the sale, they failed to comply with the terms of the deed of trust having held the sale on the 20th day after the first advertisement. They reversed the trial court's judgment holding that the deed of trust did not require twenty-one days to pass before the property was sold. They remanded for entry of summary judgment in favor of the plaintiff on the issue of liability and damages.

A motion for reconsideration was filed asserting that the Court of Appeals had effectively decided the issue of laches which was not presented for appeal and was not briefed by either party. A grant, limited solely to the issue of whether it was appropriate for the court to grant summary judgment, was considered, and denied as being improvidently granted.

We are of the opinion the Court of Appeals erred in altering and adding to paragraph 7(b) in the trust deed by including the word *then*, which changed the effect of the trust deed provision.

The pertinent provision of paragraph 7 reads as follows:

7(b) "Trustee is hereby empowered and authorized to advertise the sale of said property once a week for three consecutive weeks, giving notice of the time, place and terms of sale, in some newspaper published in the county or counties in which the above described premises are situated and to sell the same at the courthouse door...."

In *Bob Pearsall Motors, Inc., v. Regal Chrysler–Plymouth, Inc.,* 521 S.W.2d 578, 580 (Tenn.1975) this Court clearly set out the applicable rule:

"It is the Court's duty to enforce contracts according to their plain terms. *Eleogrammenos v. Standard Life Ins., Co.,* 177 Tenn. 328, 149 S.W.2d 69 (1941). Further, the language used must be taken and understood in its plain, ordinary and popular sense. *Guardian Life Ins. Co. v. Richardson,* 23 Tenn.App. 194, 129 S.W.2d 1107 (1939).

The Courts, of course, are precluded from creating a new contract for the parties. *Dubois v. Gentry,* 182 Tenn. 103, 184 S.W.2d 369 (1945)."

The case law in this State substantiates our belief that the lower court came to the wrong conclusion.

In *Napier v. Stone,* 21 Tenn.App. 626, 114 S.W.2d 57, 61 (1937) the court held that where the time, place, and terms of sale are not fixed in the mortgage or deed of trust, then the same are governed by statute.

In *Clack v. Standefer,* 24 Tenn.App. 556, 147 S.W.2d 764, 767 (1940) the trust deed involved did not contain a provision relative to advertisement. The court held that the statutory method of advertisement was applicable to the sale, citing § 7793 of the code, presently encoded at T.C.A. § 35–5–101.

The derivative statutes for T.C.A. § 35–5–101 were contained in the Acts of 1855–1856, Ch. 83, § 1 and carried forward in Shannon's Code. In *Potts v. Coffman,* 146 Tenn. 282, 240 S.W. 783 (1922), the court cited Shannon's Ann.Code, § 3838, as follows:

"Every person whose duty it is to sell land in a fiduciary capacity, or under judicial orders or process, shall, *in the absence of any special provisions on the subject in the authority under which he acts,* publish such sale at least three different times in some newspaper published in the county where the sale is to be made, the first of which publications shall be at least twenty days previous to the sale." (Emphasis supplied).

Although the present statute has been modified to exclude the phrase "in the ab-

**220** ■

sence of any special provisions on the subject in the authority under which he acts," we think the meaning of the statute is plain and is intended to apply in situations such as we have here where the provisions of the trust deed are conjectural.

In our neighboring State of Alabama, under a comparable statute, the court approved a sale under similar circumstances in the case of *Bullock v. Bishop*, 435 So.2d 24 (Ala.1983). The Alabama statute § 6–8–62, Code 1975, provided in part:

> "(a) When the notice is required to be given for a specified number of weeks, it must be given by consecutive weekly insertions for the number of weeks so specified. When the notice is of a proceeding to be had or of an act to be done on a specified day:
>
> (3) If for three weeks, the first insertion must be at least 18 days before such day ..."

The clause of the mortgage involved in the Alabama case read, in part: "Mortgagee shall be authorized to take possession of the premises ... after giving twenty-one days notice by publishing once a week for three consecutive weeks, the time, place, and terms of sale ..." The foreclosure notices appeared in a local newspaper on August 24, 31 and September 7, 1980. In each notice, September 12, 1980, was designated the date of sale. The sale was held as advertised on September 12, 1980. Twenty-one days following the first notice of August 24 would have been September 14, two days after the foreclosure sale was conducted. The plaintiffs asserted that the defendants acted in bad faith, and that the sale was void as being contrary to the provisions of the mortgage. The court, noting that the foreclosure sale was held on the nineteenth day following the insertion of the first notice, held it satisfied the statutory requirement by providing sufficient notice to all interested parties, and that the statute clearly prescribed the time which must be allowed before the sale could be held, and was thus, controlling.

We are of the opinion that this is the only practical approach to the situation involved here unless the deed of trust sets

out with specificity that the trustee must sell *after* having advertised for a fixed number of weeks, as did the instrument in *Progressive Building Loan Assoc. v. McIntyre*, 169 Tenn. 491, 89 S.W.2d 336 (1936), relied upon by the plaintiff in this case.

Having concluded that the trial judge was correct in sustaining the summary judgment of defendants on the issue of premature foreclosure as well as the adequacy of the consideration, we observe that had the doctrine of laches been a matter for consideration it could have been resolved under Tenn.R.Civ.P. 56.04.

The judgment of the Court of Appeals is reversed. The cause is remanded to the trial court for any further proceedings required. The costs are assessed against the plaintiff/appellees and the surety on their appeal bond.

DROWOTA, C.J., COOPER and HARBISON, JJ., and WADE, Senior Judge, concur.