**In re David Ray KITTS, Debtor.**

No. 01–33797.

United States Bankruptcy Court, E.D. Tennessee.

Feb. 28, 2002.

John H. Fowler, Sevierville, TN, for Debtor.

Keith L. Edmiston, Hodges, Doughty & Carson, PLLC, Knoxville, TN, for Bankers Trust Company.

## MEMORANDUM ON MOTION TO TERMINATE AUTOMATIC STAY

RICHARD S. STAIR, Jr., Bankruptcy Judge.

On October 25, 2001, JCL Asset Management (JCL) filed a Motion to Termi-

nate Stay, Confirm Foreclosure Sale and Require Debtor to Deliver Possession of Real Estate (Motion). The Motion was amended on November 13, 2001, to identify Bankers Trust Company (Movant or Bankers Trust) as the movant.

Bankers Trust asks the court to terminate the automatic stay of 11 U.S.C.A. § 362(a) (West 1993 & Supp.2001) to allow it to record a Substitute Trustee's Deed and to obtain possession of the Debtor's residence, which Bankers Trust allegedly purchased at a prepetition foreclosure sale. The Debtor opposes the Motion, contesting the validity of the foreclosure sale. A trial was held on February 20, 2002.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(G) (West 1993).

### I

The Debtor filed a Voluntary Petition under Chapter 13 on August 3, 2001. On his Schedule of Real Property, the Debtor listed a house and lot located at 342 Sky Valley Circle in Seymour, Tennessee (Residence).[1] Meritech Mortgage Services, Inc. (Meritech) is scheduled as the first mortgage holder on the Residence. The Meritech debt is allegedly evidenced by a Deed of Trust executed by the Debtor on March 6, 2000.[2] The Debtor's Chapter 13 Plan, which was confirmed on November 19, 2001, provides for Meritech to receive a monthly installment payment of $565.00 inside the plan, plus an additional $50.00 per month to satisfy a prepetition arrearage.

On July 19, 2001—prior to the Debtor's Chapter 13 filing—the Residence was sold

---

1. The address was incorrectly scheduled as 342 "Ski" Valley Circle.

2. The Deed of Trust was executed in favor of Laguna Capital Mortgage Corporation (Laguna). On March 13, 2000, Laguna assigned

the Deed of Trust to Chase Bank of Texas. Importantly, no documentation was produced at trial showing a subsequent assignment to either Meritech or Bankers Trust.

at a foreclosure sale conducted by Bankers Trust, which asserts that it is the assignee of the Deed of Trust. Bankers Trust was the successful bidder at foreclosure, placing a credit bid of $64,001.58 which allegedly corresponded to the amount owing on the debt. A Substitute Trustee's Deed was recorded on August 13, 2001, in violation of the automatic stay, after the Debtor commenced his case.

## II

■ The Debtor challenges the foreclosure and present Motion on three grounds:

1. Bankers Trust was not the assignee of the Deed of Trust and therefore did not have the authority to conduct the foreclosure sale;

2. Bankers Trust did not comply with the default notice provisions of the Deed of Trust; and

3. Bankers Trust did not comply with the notice of sale provisions of the Deed of Trust.

The Debtor correctly points out that the Movant has failed to provide proof of assignment. The best proof offered by Bankers Trust is an Appointment of Substitute Trustee recorded on June 11, 2001. That document was executed by Judy Johnson, Assistant Vice President of Meritech, "by Power of Attorney from Bankers Trust Company" and provides that Bankers Trust "as Trustee and as Custodian, declares itself to be the owner and holder of said Promissory Note so secured by said Deed of Trust[.]"

■ The self-proclamations contained within that document are simply insufficient proof that Bankers Trust was in fact the party entitled to foreclose on the Debt-

or's Residence. The record before the court includes no proof of assignment to show that either Meritech or Bankers Trust—which were the only two parties to the Appointment of Substitute Trustee— had any rights in the Deed of Trust whatsoever. The Movant's failure to produce proof of assignment is striking and leads to but one conclusion—that the present Deed of Trust was never assigned to Bankers Trust.

■ Further, the Movant failed to produce proof of compliance with the default notice provisions of the Deed of Trust. Those provisions direct in material part:

Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument [with exceptions not relevant here]. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

Deed of Trust, ¶ 21. Bankers Trust contends that it met the notice requirements through a June 5, 2001 letter from its foreclosing counsel, addressed to the Debtor at his Residence.[3] The court disagrees.

---

3. The Debtor testified that he did not receive the letter. However, Bankers Trust offered the deposition testimony of Nikita Lizette Brown, a paralegal assistant to its foreclosing counsel, that the letter was properly addressed, mailed, and affixed with sufficient postage. "A presumption of the due receipt of a letter arises upon proof that such letter

The letter, captioned "Notice Pursuant to Fair Debt Collection Practices Act 15 U.S.C. 1692," states that the subject debt has already been "declared due and payable" and that a foreclosure sale has already been scheduled. Clearly, this document is not notice given "prior to acceleration" as required by the Deed of Trust.[4] Additionally, the letter does not clearly set a date at least thirty days in the future by which the default must be cured (it does set a thirty-day deadline for contesting the validity of the debt) nor does it clearly convey the message required at paragraph 21(d). It also does not advise the Debtor of his "right to reinstate after acceleration" or his right to raise defenses to acceleration and foreclosure.

■ The Movant's disregard for the Deed of Trust's notice provisions invalidates its foreclosure purchase. Under Tennessee law, the notice requirements of a deed "must be followed strictly by the trustee, in order to deprive the makers of their title by means of a sale thereunder." *See Progressive Bldg. & Loan Ass'n v. McIntyre*, 169 Tenn. 491, 89 S.W.2d 336, 336 (1936); *cf. Henderson v. Galloway*, 27 Tenn. 692, 1848 WL 1802, at *2 (Tenn. 1848) (If notice of sale is not provided to the grantor as required by the deed, "the sale is unauthorized and void and will communicate no title to the purchaser."); *Cowan v. Child*, 1993 WL 141552, at *4 (Tenn.Ct.App. May 5, 1993) (same).[5]

In sum, the foreclosure sale purchase is void.[6] Bankers Trust exhibited a blatant disregard for the Deed of Trust's default

---

was deposited in the post office, properly stamped and correctly addressed." *Southern Region Indus. Realty, Inc. v. Chattanooga Warehouse & Cold Storage Co., Inc.*, 612 S.W.2d 162, 164 (Tenn.Ct.App.1980). "And a presumption that a letter was mailed may arise from the testimony of an officer of a corporation that he dictated and signed the letter and placed it in the regular course for mailing." *Id.* The Debtor's testimony is insufficient to rebut the presumption that he in fact received the letter.

4. In fact, Ms. Brown acknowledged that the letter was not sent for the purpose of complying with the Deed of Trust's notice requirements.

5. Contrary authority arguably exists. The Court of Appeals of Tennessee has held that under TENN. CODE ANN. § 35–5–106 (which provides that a failure to give *statutory* notice of sale does not void a foreclosure) "a sale is not rendered void by failure to advertise *as required* by law or *by the deed of trust.*" *McSwain v. American Gen. Fin., Inc.*, 1994 WL 398819, at *3 (Tenn.Ct.App. July 22, 1994) (emphasis added). This court's research indicates that *McSwain* stands alone in support of the proposition that failure to comply with a deed of trust's notice provisions does not invalidate a foreclosure. *McSwain's*

holding is not supported by extensive analysis but rather by a citation to prior caselaw purportedly establishing that rule. *See id.* ("In *Williams v. Williams*, 25 Tenn.App. 290, 156 S.W.2d 363 (1941), this Court, following *Doty* [*v. Federal Land Bank of Louisville*, 169 Tenn. 496, 89 S.W.2d 337 (1936) ], held ...."). The *Williams* and *Doty* decisions, however, like TENN. CODE ANN. § 35–5–106, speak only to the failure to comply with *statutory* requirements for notice of sale, *see Williams*, 156 S.W.2d at 369; *Doty*, 89 S.W.2d at 339, and therefore do not stand for the proposition for which they were cited by the *McSwain* court. Further, this court notes that *Doty* and *McIntyre* ("[T]he terms [of a deed of trust] must be followed strictly by the trustee, in order to deprive the makers of their title by means of a sale thereunder.") were decided by the Supreme Court of Tennessee on the very same day. This court cannot read *Doty* (which plainly cites and addresses *statutory* notice provisions only) as undoing *McIntyre's* clear holding regarding *contractual* provisions contained within a deed of trust. Accordingly, the court finds *McSwain* (and its citation to *Doty* ) unpersuasive.

6. Irrespective of whether Bankers Trust followed proper procedure *at* the foreclosure sale, *see In re Williams*, 247 B.R. 449 (Bankr. E.D.Tenn.2000), the sale itself was invalid.

notice provisions. *See McIntyre*, 89 S.W.2d at 336. Additionally, Bankers Trust was inexplicably unable to offer proof that it was in fact the assignee properly entitled to foreclose.[7]

Title to the Residence therefore remained in the Debtor and became property of his Chapter 13 estate under 11 U.S.C.A. § 541(a)(1) (West 1993). Bankers Trust is bound by the provisions of the Debtor's confirmed Chapter 13 Plan (assuming, *arguendo*, that Bankers Trust is in fact a creditor as assignee of the Deed of Trust). *See* 11 U.S.C.A. § 1327(a) (West 1993).

The Motion to Terminate Stay, Confirm Foreclosure Sale and Require Debtor to Deliver Possession of Real Estate must therefore be denied.

7. The Debtor also argued, unsuccessfully, that Bankers Trust failed to provide notice of the foreclosure sale as required by the Deed of Trust. A letter from Bankers Trust's foreclosing counsel, dated June 13, 2001, and addressed to the Debtor at his Residence, gives that notice. *See Southern Region Indus. Realty*, 612 S.W.2d at 164.