# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
March 12, 2014 Session

## WELLS FARGO BANK, N.A. v. WILLIAM S. LOCKETT, JR., ET. AL.

**Appeal from the Circuit Court for Knox County**
**No. 112812     Hon. Dale C. Workman, Judge**

---

**No. E2013-02186-COA-R3-CV - Filed April 24, 2014**

---

This is a detainer action in which Mortgagors sought to rescind the foreclosure sale of their property. Wells Fargo filed a motion for summary judgment, alleging that recision of the sale was not a remedy available under Tennessee law. The trial court agreed and upheld the sale. Mortgagors appeal. We reverse the decision of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and D. KELLY THOMAS, JR., SP. J.,[1] joined.

J. Myers Morton, Knoxville, Tennessee, for the appellants, William S. Lockett, Jr. and Dawn Lockett.

Samuel P. Funk, Ryan T. Holt, Edmund S. Sauer, and Amy R. Mohan, Nashville, Tennessee, for the appellee, Wells Fargo Bank, N.A.

## OPINION

## I.  BACKGROUND

William S. Lockett, Jr. and Dawn Lockett ("Mortgagors") signed a promissory note evidencing a home loan in the amount of $163,200. The note was secured by a deed of trust.

---

[1]Judge on the Court of Criminal Appeals sitting by special designation.

The note and deed of trust was assigned to Wells Fargo, N.A. ("Wells Fargo"), and Nationwide Trustee Services, Inc. ("Nationwide") was appointed as the substitute trustee.

In June 2011, Mortgagors fell behind on their mortgage payments. Nationwide mailed a notice of the right of foreclosure to Mortgagors.[2]  Thereafter, Mortgagors received notice that the foreclosure sale was scheduled for October 27, 2011 at 11:00 a.m.  The notice also contained the following provision:

> The right is reserved to adjourn the day of the sale to another day, time, and place certain without further publication, upon announcement at the time and place for the sale set forth above.

The sale was advertised in the Knoxville Journal on September 30, October 7, and October 14, 2011.  On the day of the scheduled sale, Gene Mathis announced that the sale had been postponed.  Mortgagors were not present on that day.  Nationwide also mailed a notice of postponement that provided the new date of sale but failed to specify the time of the sale. Mortgagors somehow learned that the sale had been scheduled for 11:00 a.m.  They arrived at the appointed time to learn that the property had been sold prior to the appointed time.

On January 24, 2012, Wells Fargo filed a detainer action against Mortgagors in the Knox County General Sessions Court.  The case was removed to Knox County Circuit Court by agreement.  Mortgagors responded to the detainer action by filing a counter-complaint, asserting that the foreclosure was wrongful because it occurred prior to 11:00 a.m.  They claimed that they had procured a willing purchaser, who was denied the opportunity to bid on the property because the sale occurred prior to the appointed time.  They requested damages and attorney fees, and argued that the sale should be rescinded because the foreclosure sale did not comply with the terms contained in the deed of trust.  Wells Fargo responded by denying any wrongdoing.

Wells Fargo also filed a motion for summary judgment, asserting that it was not responsible for any monetary damages because it lacked the right to control the persons or entities that scheduled and carried out the sale.  Wells Fargo additionally asserted that Mortgagors were not entitled to obtain recision of the sale pursuant to Tennessee law because Mortgagors received the notices required by the deed of trust.  Mortgagors argued that genuine issues of material fact remained, namely whether the foreclosure sale was actually held at the appointed time.  Following a hearing, the trial court granted the motion for summary judgment, in part, holding that Mortgagors were not entitled to recision of the sale pursuant to Tennessee law even if the sale occurred prior to the scheduled time.  The court

---

[2]Mortgagors claim that they never received the notice.

held that the claim could proceed on the issue of damages. Mortgagors subsequently voluntarily dismissed their claim for damages. This timely appeal followed.

## II. ISSUE

We consolidate and restate the issue raised on appeal by Mortgagors as follows:

Whether the trial court erred in granting the motion for summary judgment when a question remained as to whether the sale was held at the scheduled time.

## III. STANDARD OF REVIEW

This detainer action was initiated in 2012; therefore, the dispositive motion is governed by Tennessee Code Annotated section 20-6-101, which provides,

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.

A trial court's decision to grant a motion for summary judgment presents a question of law, which we review de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 417 (Tenn. 1997). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

## IV. DISCUSSION

Tennessee law provides that a foreclosure sale cannot be deemed void or voidable even when the sale fails to comply with the terms provided in the foreclosure statutes. Tenn. Code Ann. § 35-5-106 ("Should the officer, or other person making the sale, proceed to sell without pursuing the provisions of this chapter, the sale shall not, on that account, be either void or voidable."). However, parties are not limited to the terms of the sale provided in the foreclosure statutes and may "vary the terms of foreclosure by contract." *CitiFinancial Mortg. Co., Inc. v. Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *9 (Tenn. Ct. App. Jan. 11, 2007) (citations omitted). "[W]here a deed of trust provision varies from the statutory requirements, that term will generally supersede the statutory requirement." *Id.* A foreclosure sale held pursuant to the applicable deed of trust requires "strict compliance for the conveyance to be valid." *Id.* at *8 (citing *Progressive Bldg. & Loan Ass'n v. McIntyre*, 89 S.W.2d 336, 336 (Tenn. 1936)).

Mortgagors assert that the conveyance was not valid because the foreclosure sale violated several terms contained in the deed. Wells Fargo responds that the conveyance was valid and completed pursuant to the foreclosure statutes because the deed was silent as to the issue of postponement. The deed at issue provides, in pertinent part,

> **21. Acceleration; Remedies.** If any installment under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other deed of trust or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance. In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the power of sale and/or any other remedies or take any other actions permitted by applicable law. Lender will collect all expenses incurred in pursuing the remedies described in this Paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the power of sale, Trustee shall give notice of the sale by public advertisement in the county in which the Property is located for the time and in the manner provided by applicable law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in paragraph 14. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and under the terms

designated in the notice of sale. Lender or its designee may purchase the Property at any sale.

The deed further provides,

**26. Time is of the Essence.** Time is of the essence in the performance of each provision of this Security Instrument.

It is undisputed that the initial sale date was advertised as anticipated by the deed of trust and that Mortgagors received a copy of the notice of sale. Mortgagors claim that the failure to hold the foreclosure sale at the appointed time violated the terms of the deed because the deed specifically provided that "[t]ime is of the essence in the performance of each provision." "Time is of the essence" is a legal phrase generally found in contracts with explicit time requirements. "Under the law, a contract providing that time is of the essence is enforceable, and failure to meet the specific and explicit time requirements constitutes a breach which permits the non-defaulting party . . . to terminate the contract." *Alexander & Shankle, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2006-011680-COA-R3-CV, 2007 WL 2316391, at \*9 (Tenn. Ct. App. Aug. 13, 2007) (citing *LauLin Corp. v. Concord Props.*, No. 03A019502-CH-00047, 1995 WL 511947, at \*4 (Tenn. Ct. App. Aug. 30, 1995)). Here, the deed did not provide any specific time requirements on the issue of the foreclosure sale other than to reference the foreclosure statutes and the notice of sale. This argument is without merit.

Mortgagors also claim that the failure to hold the foreclosure sale at the appointed time violated the terms of the deed because the deed anticipated that the property would be sold "at the time and under the terms designated in the notice of sale." The notice allowed for the postponement of the sale, provided that the postponement was to "another day, time, and place certain." Failure to conduct the foreclosure sale "at the time and under the terms designated in the notice of sale" would be a violation of the terms contained in the deed of trust. Questions remain as to whether the foreclosure sale was held "at the time and under the terms designated in the notice of sale." Accordingly, we conclude that the trial court erred in dismissing the complaint at this point in the proceedings because material questions of fact remained. In so concluding, we express no opinion as to whether the foreclosure sale was held "at the time and under the terms designated in the notice of sale."

## V.  CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.  Costs of the appeal are taxed to the appellee, Wells Fargo Bank, N.A.


_____
JOHN W. McCLARTY, JUDGE