FILED
06/28/2022
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 12, 2022 Session

## TERRY CASE v. WILMINGTON TRUST, N.A., AS TRUSTEE FOR TRUST MFRA 2014-2 ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 20-0144          Jeffrey M. Atherton, Chancellor**

———————————————————

### No. E2021-00378-COA-R3-CV

———————————————————

The plaintiff appeals the trial court's order granting the defendants' motions for summary judgment and dismissing the plaintiff's claims for breach of contract, wrongful foreclosure, injunctive relief, and declaratory relief. Having determined that the plaintiff has waived arguments related to his breach of contract claim, we review solely the trial court's dismissal of the plaintiff's claim for wrongful foreclosure. We conclude that the defendants did not strictly comply with the notice requirements of the deed of trust, vacate the portion of the trial court's order granting summary judgment to the defendants with respect to the plaintiff's wrongful foreclosure claim, and set aside the foreclosure sale. We affirm the trial court's order with respect to the plaintiff's breach of contract claim. We decline to award the defendants damages pursuant to Tennessee Code Annotated § 27-1-122.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Vacated in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Buddy B. Presley, Jr., Chattanooga, Tennessee, for the appellant, Terry Case.

Alex McFall, Nashville, Tennessee, for the appellees, Wilmington Trust, N.A., as Trustee for MFRA Trust 2014-2, and Wilson & Associates, PLLC.

**OPINION**

I. Factual and Procedural Background

On February 19, 2020, Mr. Case filed a "Verified Application to Enjoin Foreclosure Sale and Complaint for Equitable and Legal Relief" ("complaint") against Barclays Bank, PLC ("Barclays"), and Wilson & Associates, PLLC ("Wilson"), in the Hamilton County Chancery Court ("trial court"). In the complaint, Mr. Case asserted that he had obtained a loan from SunTrust Mortgage, Inc. ("SunTrust") on July 26, 2007, in the original amount of $572,500.00. The loan financed the purchase of improved real property located at 6528 Highway 58, Harrison, Tennessee ("the Property"), and was secured by a Deed of Trust on the Property.[1] According to Mr. Case, SunTrust assigned its interest in the Deed of Trust to Barclays on February 28, 2015. However, Barclays did not record this assignment until January 17, 2020.

On February 3, 2016, Barclays assigned its interest in the Deed of Trust to Wilmington Trust, National Association ("Wilmington").[2] At the time of the complaint's filing, Wilson had become the substitute trustee on the Deed of Trust for the purpose of pursuing foreclosure on the Property. Mr. Case stated that he had received a letter from Wilson on January 1, 2020, which informed him that a foreclosure sale would be conducted on February 24, 2020. According to Mr. Case, he had attempted to make a payment to SunTrust on August 15, 2019.[3]

Within his complaint, Mr. Case requested that the trial court enjoin Barclays and Wilson from conducting the February 24, 2020 foreclosure sale and from engaging in further foreclosure activities. He also sought a permanent injunction barring Barclays and Wilson from pursuing any foreclosure activities in the future, as well as declaratory relief pursuant to Tennessee Code Annotated §§ 29-14-101, *et seq.*, establishing that (1) Barclays and Wilson did not have just or legal cause to accelerate and declare due and payable the entire indebtedness owed by Mr. Case and (2) the foreclosure actions taken by Barclays and Wilson were wrongful, contrary to the terms of the Deed of Trust, and in violation of Tennessee law. In addition, Mr. Case alleged that Barclays had breached the contract and made misrepresentations upon which Mr. Case had detrimentally relied. As such, Mr. Case asserted that Barclays should be permanently estopped from relying upon or asserting any of the grounds set forth in previous correspondence and notices sent to him by Barclays as a basis for proceeding with foreclosure. Mr. Case also filed a separate motion for a temporary injunction pursuant to Tennessee Rule of Civil Procedure 65.

---

[1] Mr. Case's wife is also listed as a borrower on the Deed of Trust, but she is not a party to the lawsuit.

[2] For ease of reference, we will refer to Wilmington and Wilson collectively as "Defendants" throughout this Opinion.

[3] In its motion to dismiss, Wilmington noted that SunTrust was no longer the owner or servicer of the loan by August 15, 2019. Wilmington also asserted that Mr. Case was aware of this fact as evinced by his bankruptcy filings in which he listed Wilmington and Fay Servicing, LLC, as the relevant parties to the loan.

The trial court consequently entered a temporary restraining order, enjoining Barclays and Wilson from taking any action in furtherance of its possessory claim. The trial court set a hearing for March 4, 2020.

On March 2, 2020, Wilson filed a response to Mr. Case's motion for temporary injunction, claiming that Mr. Case was in default and had not made a payment on the loan since July 2013. In addition, Wilson proffered that Mr. Case had filed eight bankruptcy cases since 2010. Wilson also noted that SunTrust had assigned the Deed of Trust to Barclays and that Barclays had subsequently assigned the Deed of Trust to Wilmington. According to Wilson, Mr. Case should have named Wilmington as a defendant inasmuch as Wilmington was "the one necessary and indispensable party." Wilson further contended that Mr. Case had admitted these assertions in his bankruptcy filings. Wilson therefore argued that Mr. Case had provided no basis for an injunction.

Mr. Case's attorney did not appear at the March 4, 2020 hearing. The record is unclear as to whether Mr. Case was absent as well. As a result, the trial court entered an order denying Mr. Case relief without prejudice and dissolving the temporary restraining order.

On March 12, 2020, Wilson filed a motion to dismiss Mr. Case's complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6), and on May 18, 2020, Wilson filed an amended motion to dismiss, averring that the property had been sold and that this sale rendered the allegations of Mr. Case's complaint moot. At the location and the scheduled date and time of the originally scheduled foreclosure sale on February 24, 2020, Defendants had announced that the foreclosure sale was postponed to March 23, 2020. The foreclosure sale took place on the postponed date, and Wilmington purchased the property for $777,000.00. The trial court granted Wilson's motion to dismiss on June 23, 2020.

On June 8, 2020, Mr. Case filed a motion seeking permission to file an amended complaint, which the trial court granted. Mr. Case filed his amended complaint on July 13, 2020, raising causes of action for (1) injunctive relief pursuant to Tennessee Rule of Civil Procedure 65; (2) declaratory relief pursuant to Tennessee Code Annotated §§ 29-14-101, *et seq.*; (3) wrongful foreclosure; (4) breach of contract; (5) slander of title; and (6) quiet title. Mr. Case also substituted Barclays with Wilmington as a named defendant.

Mr. Case again claimed that he had attempted to make a payment on August 15, 2019, and that he had made "repeated attempts to verify and receive full credit for payments to escrow, principal and interest" during 2019 "to no avail from SunTrust." In addition, Mr. Case contended that Fay Servicing, LLC, and Barclays had failed to provide proof of ownership of the original note and that Fay Servicing, LLC, had not provided "adequate proof of application of proceeds" paid by Mr. Case to the principal, interest, and escrowed amounts. Mr. Case additionally argued that Defendants had failed to provide him with notice of the postponed foreclosure sale.

- 3 -

In August 2020, Wilmington and Wilson filed motions to dismiss Mr. Case's amended complaint. In Wilmington's motion, it requested that the trial court enjoin Mr. Case from presenting future filings related to the Property and award to Wilmington fees and costs pursuant to Tennessee Code Annotated § 20-12-119(c)(1). In Wilmington's memorandum of law in support of its motion to dismiss, Wilmington argued that "neither injunctive relief nor declaratory relief can survive as independent causes of action because both are forms of relief."

Wilmington also postulated that Mr. Case was barred from challenging Wilmington's standing to foreclose on the Property because he had listed Wilmington as a secured creditor and owner of the loan in his bankruptcy filings. Thus, Wilmington asserted that Mr. Case should be judicially estopped from positing that Wilmington had failed to establish ownership of the loan and lacked standing to foreclose. Wilmington further argued that Mr. Case's breach of contract, wrongful foreclosure, slander of title, and quiet title claims were premised on his allegation that he did not receive the notice of acceleration required by the terms of the Deed of Trust. According to Wilmington, Fay Servicing, LLC, the loan servicer for Wilmington, sent Mr. Case a Notice of Default on January 20, 2017. The Notice of Default, which is in the record as an attachment to pleadings, detailed the past due payments and advised Mr. Case that he needed to remit payment for $122,548.57 by February 24, 2017, to cure the default. The Notice of Default also notified Mr. Case that his failure to cure the default could "result in acceleration of the sums secured by [the Deed of Trust]" or foreclosure.

Concerning Mr. Case's contention that he never received a notice of sale postponement, Wilmington argued that Tennessee Code Annotated § 35-5-101(f)(3) requires written notice to the debtor only when a foreclosure is postponed for more than thirty days. The foreclosure sale of the Property was postponed twenty-eight days. Thus, according to Wilmington, Defendants were not required to mail Mr. Case a written notice of postponement.

Wilmington additionally posited that Mr. Case's actions for slander of title and to quiet title should be dismissed because in order to pursue these actions, Mr. Case must have held an interest in the Property. According to Wilmington, Mr. Case no longer maintained an interest in the Property by reason of the foreclosure sale on March 23, 2020. Wilmington also claimed that Mr. Case had presented no argument as to why the foreclosure sale should be rescinded.

On September 2, 2020, Mr. Case filed a second motion to enjoin and restrain Defendants from pursuing a detainer action on the Property, relying on his argument that he had never received written notice of postponement. Mr. Case filed a memorandum of law in opposition to Defendants' motions to dismiss, arguing, *inter alia*, that these motions to dismiss constituted Tennessee Rule of Civil Procedure 56 motions for summary

judgment rather than motions to dismiss inasmuch as the motions included extraneous information rather than reliance upon the amended complaint. On the same day, Mr. Case filed a supplemental memorandum of law in support of his second motion for a temporary restraining order. Mr. Case argued that the Centers for Disease Control and Prevention's ("CDC's") "moratorium on evictions and possessory actions" applied to him and that the Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act") prevented Defendants from evicting him.[4]

In its reply in support of its motion to dismiss, Wilmington argued that the trial court did not need to convert its motion to dismiss into a motion for summary judgment because it could dispose of Mr. Case's claims without considering documents outside his complaint based on Mr. Case's failure to address Wilmington's arguments in its motion to dismiss. In addition, Wilmington contended that the court could consider all the documents attached to its motion to dismiss because they were either integral to Mr. Case's amended complaint or matters of public record.

Following a hearing conducted on September 30, 2020, the trial court entered an order on October 8, 2020, denying Wilson's motion to dismiss and granting in part and denying in part Wilmington's motion to dismiss. With respect to Mr. Case's slander of title and quiet title causes of action, the court granted Wilmington's motion to dismiss and dismissed these two claims without prejudice. The court in turn granted Mr. Case's second motion for a temporary restraining order and enjoined Defendants from pursuing Mr. Case's eviction.

In December 2020, Wilmington and Wilson filed motions for summary judgment and accompanying statements of undisputed facts. Within its memorandum of law and statement of undisputed facts, Wilmington asserted that Fay Servicing, LLC, had sent Mr. Case a written Notice of Default on January 20, 2017. Wilmington further asserted that on January 21, 2020, Wilson sent Mr. Case a written Notice of Sale, notifying Mr. Case that the foreclosure sale would take place on February 24, 2020. After Mr. Case obtained a temporary restraining order enjoining the foreclosure sale, Lisa Burnette, an employee of the company hired to conduct the foreclosure sale, appeared at the time and place set forth in the Notice of Sale and announced that the sale was postponed to March 23, 2020. After the trial court dissolved Mr. Case's restraining order, the foreclosure sale was accomplished on March 23, 2020. According to Wilmington, Mr. Case did not dispute that he had failed to bring the loan current prior to the sale.

Mr. Case filed responses to Wilmington's and Wilson's statements of undisputed facts. Mr. Case solely disputed Wilson's assertion that the sale had been properly postponed until March 23, 2020, claiming that it was not proper because he never received written notice. With respect to Wilmington's statements of undisputed facts, Mr. Case

---

[4] Mr. Case has not raised issues related to the CDC's moratorium or the CARES Act on appeal.

disputed that the loan balance of $811,484.53 was accurate; that the foreclosure sale was lawful; and that Hamilton County Courthouse was an adequate identification of the location of the foreclosure sale.

On February 23, 2021, Mr. Case filed a response in opposition to Defendants' motions for summary judgment, arguing that the Notice of Sale did not contain (1) the address of the location of the foreclosure sale, (2) the "door" or specific location of the foreclosure sale, or (3) the exact courthouse where the sale would be conducted. These errors, according to Mr. Case, violated Tennessee Code Annotated §§ 35-5-101, *et. seq.*

Following a hearing conducted on February 26, 2021, the trial court entered an order on March 29, 2021, granting Defendants' motions for summary judgment. The court found that Defendants had "properly noticed the foreclosure sale in accordance with all applicable laws and contractual provisions." The court specifically found that Defendants were not required to provide Mr. Case with written notice of the postponed foreclosure sale because Tennessee Code Annotated § 35-5-101(f) does not require written notice unless the foreclosure sale is postponed for "more than thirty (30) days." Therefore, the court entered judgment in favor of Defendants on Mr. Case's remaining claims. Mr. Case timely appealed.

## II. Issues Presented

Mr. Case has presented two issues on appeal, which we have restated slightly as follows:

1.    Whether the trial court erred in granting summary judgment in favor of Defendants when Defendants purportedly failed to properly identify the location of the foreclosure sale in their Notice of Sale.

2.    Whether the trial court erred in granting summary judgment in favor of Defendants when Defendants failed to provide to Mr. Case written notice of the postponement of the foreclosure sale.

Defendants have raised the following additional issues, which we have reordered and restated slightly as follows:

3.    Whether Mr. Case has waived any challenge to the trial court's judgment through failure to comply with Tennessee Rule of Appellate Procedure 27(a)(7)(A).

4.    Whether Mr. Case waived arguments raised for the first time in his appellate brief.

- 6 -

5.     Whether the trial court correctly determined that Mr. Case's claims failed as a matter of law.

6.     Whether the trial court's judgment can be affirmed on alternate grounds in the event this Court determines that Mr. Case was not provided the requisite notice.

7.     Whether this Court should award to Defendants damages pursuant to Tennessee Code Annotated § 27-1-122 due to the purportedly frivolous nature of Mr. Case's appeal.

## III.  Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)).  As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."  *Rye*, 477 S.W.3d at 250.  As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.  We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis.  Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial."  Tenn. R. Civ. P. 56.03.  "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."  *Id.*  When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03.  "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a

genuine issue for trial." Tenn. R. Civ. P. 56.06.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L. Ed. 2d 538 (1986)].  The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.  If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07.  However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial.  Tenn. R. Civ. P. 56.04, 56.06.  The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65.  "Whether the nonmoving party is a plaintiff or a defendant— and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265).  Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

## IV.  Waiver

As a threshold matter, we consider Defendants' three waiver arguments.  First, Defendants contend that Mr. Case's brief does not comply with Tennessee Rule of Appellate Procedure 27(a)(7)(A) with respect to his first issue raised on appeal—whether the Notice of Sale properly identified the location of the foreclosure sale.  Second, Defendants posit that Mr. Case has waived any challenge to the trial court's dismissal of his breach of contract claim by failing to raise as an issue the court's finding that Mr. Case did not present any evidence of damages, a necessary element of a breach of contract claim. Third, Defendants assert that Mr. Case has waived his argument that he did not receive proper notice of sale postponement due to his failure to address the court's finding that Defendants' compliance with the postponement requirements of Tennessee Code Annotated § 35-5-101(f) satisfied the Deed of Trust's notice requirements.  We will address each of these arguments in turn.

Defendants posit that Mr. Case has failed to provide citations to legal authorities for his postulate that "Hamilton County Courthouse, Chattanooga, Tennessee" is an insufficient description of the place of foreclosure sale. Upon review of Mr. Case's appellate brief, we agree with Defendants that Mr. Case has waived this issue by failing to provide any argument or legal authorities to support his assertion.

Rule 27(a) provides in pertinent part:

(a)      Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

* * *

(7)      An argument, which may be preceded by a summary of argument, setting forth:

(A)      the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]

With respect to his first argument, Mr. Case asserts: "The Notice in this matter merely cited the place of the foreclosure as 'the Hamilton County Courthouse.' This description is incomplete and voids the Notice provided by Defendant pursuant to statute and rule of law." However, Mr. Case provides no argument or legal authority to support his contention that "the Hamilton County Courthouse" provided him with an inadequate description or identification of the place of the sale.

"Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). This Court has previously admonished that "parties cannot expect this court to do its work for them" and that this Court is "under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Id.* at 56. Our High Court has explained:

It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.

- 9 -

*Sneed v. Bd. of Prof'l Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Although we may suspend the requirements of Rule 27 for "good cause," "the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55. Here, we discern no good cause to justify suspension of Rule 27(a)(7)(A) inasmuch as Mr. Case has raised an issue on appeal based on nothing more than an assertion without providing argument or citation to any supporting legal authority. In his brief, Mr. Case's entire argument on this point is: "The Notice in this matter merely cited the place of the foreclosure as 'the Hamilton County Courthouse.' This description is incomplete and voids the Notice provided by Defendant pursuant to statute and rule of law." These two sentences alone do not constitute a sufficient argument. Mr. Case does not reveal in his appellate brief what "statute" or "rule of law" the Defendants have violated by identifying the location of the foreclosure sale as "the Hamilton County Courthouse." Moreover, Mr. Case did not file a reply brief addressing Defendants' waiver arguments or present this Court with good cause. We therefore deem Mr. Case's issue with respect to the Notice of Sale to be waived.

Defendants also contend that Mr. Case has failed to "designate his lack of damages as an issue on appeal or raise the same in the argument portion of his brief," emphasizing the absence of any mention of his breach of contract claim in his brief. We note that Mr. Case has not raised the trial court's denial of his breach of contract claim at all on appeal. We therefore determine that Mr. Case has waived any issue related to his breach of contract claim. *See Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) (noting that because "[a]ppellate review is generally limited to the issues that have been presented for review," "the Advisory Commission on the Rules of Practice and Procedure has emphasized that briefs should 'be oriented toward a statement of the issues presented in a case and the arguments in support thereof.'" (quoting Tenn. R. App. P. 27, advisory comm'n cmt.)).

Lastly, Defendants argue that Mr. Case has waived his second issue on appeal—whether Defendants were required to provide to him written notice of sale postponement. According to Defendants, Mr. Case has failed to challenge the court's findings that (1) the notice of postponement was properly announced in accordance with Tennessee Code Annotated § 35-3-101(f) and (2) the Deed of Trust expressly provides that compliance with the applicable law governing notice satisfies the notice requirements in the Deed of Trust. Although Mr. Case does not challenge the court's finding that Defendants had properly provided notice of postponement in compliance with Tennessee law, Mr. Case does challenge and provide corresponding, albeit sparse, argument against the court's finding that the Deed of Trust does not require all notices to be in writing. We therefore decline to find that Mr. Case waived review of this issue.

## V. Wrongful Foreclosure

Mr. Case argues that the trial court erred by granting summary judgment in favor of Defendants concerning his wrongful foreclosure claim and specifically challenges the court's finding that Defendants had provided proper notice to him of the postponement of the foreclosure sale by orally announcing the postponement at the location and on the date and time of the originally scheduled sale. Mr. Case contends that Sections 15 and 22 of the Deed of Trust required Defendants to provide him with written notice of the foreclosure sale's postponement. Defendants posit that the court correctly determined that the oral announcement of the postponement sufficiently met the requirements of the Deed of Trust, arguing that written notice of postponement was not required by the Deed of Trust and that the oral announcement satisfied the notice requirement in Section 15 by complying with Tennessee Code Annotated § 35-5-101(f).

In the event we conclude that written notice of postponement was required by the terms of the Deed of Trust, Defendants alternatively contend that Mr. Case failed to show how this defect in notice prejudiced him or impaired his ability to prevent or contest the foreclosure sale. For the sake of clarity and organization of this Opinion, we find it necessary to first address Defendants' alternative argument and, in doing so, clarify any distinction between the causes of action of "wrongful foreclosure" and "breach of contract," and whether prejudice, harm, or damages must be shown for a borrower to prevail on a wrongful foreclosure claim.

Wrongful foreclosure can be asserted as a "primary cause of action when a mortgagor asserts that a foreclosure action is improper under a deed of trust." *Garner v. Coffee Cnty. Bank*, No. M2014-01956-COA-R3-CV, 2015 WL 6445601, at *10 (Tenn. Ct. App. Oct. 23, 2015). Mr. Case's wrongful foreclosure claim is predicated on his argument that Defendants did not comply with the notice requirements outlined in the Deed of Trust. With respect to wrongful foreclosure claims, this Court has previously articulated:

> In general, Tennessee law has required the trustee's strict compliance with the advertisement and notice terms as provided in the deed of trust. The consequences of a foreclosing trustee's failure to comply with foreclosure terms depend upon the source of the requirement. Specifically, if the terms are sufficiently clear and originate in the deed of trust, the law demands strict compliance for the conveyance to be valid. In contrast, where a foreclosing trustee proceeds according to statutory requirements, the law in Tennessee is not so exacting. The failure of a trustee to comply with statutory requirements does not render the sale at foreclosure void or even voidable.

> But the parties can vary the terms of foreclosure by contract, and where a deed of trust provision varies from the statutory requirements, that term will generally supersede the statutory requirement. If the trustee

- 11 -

breaches the controlling terms, the foreclosure sale may be set aside. When the purchaser at the foreclosure sale has drafted the deed of trust controlling the sale, and where the deed of trust waives and conveys the makers' equity of redemption for the benefit of the purchaser, the instrument "must be strictly construed, and the terms thereof must be followed strictly by the trustee, in order to deprive the makers of their title by means of a sale thereunder." [*Progressive Bldg. & Loan Ass'n v.*] *McIntyre*, 89 S.W.2d [336] at 336 [(Tenn. 1936)]. For example, a trustee must comply with terms such as notice of time and place of sale, as well as personal notice of sale, if provided for in the deed of trust.

*CitiFinancial Mortg. Co., Inc. v. Beasley*, No. W2006-00386-COA-R3CV, 2007 WL 77289, at *8-9 (Tenn. Ct. App. Jan. 11, 2007) (other internal citations omitted). Our High Court has further described compliance with a deed of trust's notice requirements as a "condition precedent" to a valid foreclosure sale, and the trustee's failure to comply with such requirements renders the sale "unauthorized and void." *Henderson v. Galloway*, 27 Tenn. 692, 695 (Tenn. 1848).

### A. Damages and/or Prejudice

Based on our review of Tennessee case law, the difference between a wrongful foreclosure action and a breach of contract action in the context of foreclosure is often unclear. Wrongful foreclosure may be asserted as its own cause of action, an affirmative defense to an unlawful detainer action, or as a theory of a breach of contract or tort claim. *Garner*, 2015 WL 6445601, at *10 ("Wrongful foreclosure can be asserted as an affirmative defense by a mortgagor in an unlawful detainer action brought by a purchaser of property in foreclosure or as a primary cause of action when a mortgagor asserts that a foreclosure action is improper under a deed of trust.") (internal citations omitted); *Jerles v. Phillips*, No. M2005-1494-COA-R3-CV, 2006 WL 2450400, at *3 (Tenn. Ct. App. Aug. 22, 2006) (stating that the plaintiff's amended complaint included "breach of contract for wrongful foreclosure"); *Beal Bank, SSB v. Prince*, No. M2011-02744-COA-R3-CV, 2013 WL 411452, at *1 (Tenn. Ct. App. Jan. 31, 2013) (plaintiffs alleging negligent infliction of emotional distress arising out of an alleged wrongful foreclosure of their residence); *Miltier v. Bank of Am., N.A.,* No. E2010-00537-COA-R3-CV, 2011 WL 1166746, at *1 (Tenn. Ct. App. Mar. 30, 2011) ("This is a tort action for wrongful foreclosure.").

The United States District Court for the Middle District of Tennessee has succinctly described the independent cause of action of wrongful foreclosure in Tennessee as follows:

There are no specific elements for a wrongful foreclosure claim under Tennessee law. *Ogle v. U.S. Bank Nat'l Ass'n for Residential Asset Sec. Corp.*, No. 1:17-CV-40-TAV-CHS, 2018 WL 1324137, at *3 (E.D. Tenn. Mar. 14, 2018). As many federal district courts in this state have noted,

however, "Tennessee courts generally examine whether contractual or statutory requirements were met in the foreclosure of the property in question." *Ringold v. Bank of Am. Home Loans*, No. 2:12-cv-02344, 2013 WL 1450929, at *6 (W.D. Tenn. Apr. 9, 2013).

Tennessee courts have historically required "strict compliance with the advertisement and notice terms as provided in the deed of trust." *Fed. Nat'l Mortg. Ass'n v. Robilio*, No. W2007-01758-COA-R3-CV, 2008 WL 2502114, at *7 (Tenn. Ct. App. June 24, 2008) (citing *Henderson v. Galloway*, 27 Tenn. 692, 695-96 (Tenn. 1848)). A trustee's failure to comply with the clear terms of the deed of trust pertaining to foreclosure will render a subsequent conveyance invalid. *Id*. (citing *Progressive Bldg. & Loan Ass'n v. McIntyre*, 89 S.W.2d 336, 336 (Tenn. 1936)).

*Amodio v. Ocwen Loan Servicing, LLC*, No. 3:18-CV-00811, 2018 WL 6727106, at *3 (M.D. Tenn. Dec. 21, 2018).[5] Within a wrongful foreclosure cause of action, there is no requirement that a borrower establish damages as with a breach of contract claim; instead, a trustee's mere failure to comply with the terms of a deed of trust will render the foreclosure sale invalid.

Defendants rely on three cases in support of their proposition that borrowers asserting the independent cause of action of wrongful foreclosure must establish prejudice or damages in addition to the trustee's failure to comply with the deed of trust.[6] We determine each of these cases to be factually distinguishable from the instant action. Defendants first cite *Thornley v. U.S. Bank, N.A.*, No. M2014-00813-COA-R3-CV, 2015 WL 3989380 (Tenn. Ct. App. June 30, 2015), in which the borrower alleged a cause of action that she titled "wrongful foreclosure/breach of contract." *Id.* at *3. The borrower appealed the trial court's denial of her motion for summary judgment, and this Court affirmed the trial court's decision at least in part due to her failure to "establish the last element of her claim," "damages arising from the alleged breach." *Id.* at *2, 4. In so ruling, this Court analyzed the borrower's "wrongful foreclosure/breach of contract" claim only as a breach of contract claim rather than an independent cause of action for wrongful foreclosure. *Id.* at *4. In the present case, however, Mr. Case asserted a separate, independent claim of wrongful foreclosure in addition to his breach of contract claim.

Defendants also cite *McCord v. Goldman Sachs Mortg. Corp.*, No. 3:12-CV-1191, 2014 WL 1317653 (M.D. Tenn. Mar. 27, 2014), which is another decision that solely

---

[5] In citing *Amodio*, we note: "Cases from other jurisdictions, including federal cases, are always instructive, sometimes persuasive, but never controlling in our decisions." *Summers Hardware & Supply Co., Inc. v. Steele*, 794 S.W.2d 358, 362 (Tenn. Ct. App. 1990). We find the *Amodio* district court's analysis of wrongful foreclosure under Tennessee law to be instructive and reflective of Tennessee case law.

[6] In their argument, Defendants use "damages" and "prejudice" interchangeably.

addresses the borrowers' breach of contract claim. *Id.* at *7-8. Although a plaintiff must prove damages to establish a breach of contract cause of action, we have found no such requirement for a claim of wrongful foreclosure. Lastly, Defendants cite *New S. Fed. Sav. Bank v. Pugh*, No. E2009-02150-COA-R3-CV, 2010 WL 4865606 (Tenn. Ct. App. Nov. 29, 2010), wherein both the trial court and this Court concluded that the borrower had been provided proper notice under the terms of the deed of trust and statutory law, and neither discussed the issue of damages or whether the borrower needed to establish prejudice. *Id.* at *3, 6-7. We therefore determine Defendants' reliance on these cases to be misplaced.

In addition, the trial court in the instant action made conclusions of law consistent with the precept that a wrongful foreclosure action does not require proof of damages or prejudice. The court dismissed both Mr. Case's breach of contract claim and wrongful foreclosure claim based on its finding that Defendants had properly noticed the foreclosure sale. The court additionally dismissed Mr. Case's breach of contract claim due to his failure to present evidence of any damages as a result of the alleged breach. Notably, the court did not make a similar finding as to damages with respect to Mr. Case's wrongful foreclosure claim. Wilmington likewise argued that Mr. Case's lack of damages required the trial court to dismiss his breach of contract claim but did not make this argument as to his wrongful foreclosure claim in its memoranda of law in support of its motion to dismiss and motion for summary judgment.

Although we acknowledge that wrongful foreclosure may be raised as a theory of a breach of contract claim, we nevertheless reject Defendants' argument concerning damages and/or prejudice and conclude that a plaintiff may bring a wrongful foreclosure claim independent and distinct from a breach of contract claim. *See Ringold v. Bank of Am. Home Loans*, No. 2:12-cv-02344-JPM-dkv, 2013 WL 1450929, at *6 (W.D. Tenn. Apr. 9, 2013) (concluding that the plaintiff had sufficiently pled a wrongful foreclosure claim based on its finding that the plaintiff had sufficiently pled a breach of contract claim, while nevertheless analyzing the wrongful foreclosure claim discretely from the plaintiff's breach of contract claim). Unlike a breach of contract claim, we find no legal authority in Tennessee that requires a plaintiff raising a wrongful foreclosure claim to establish any other element than the creditor's failure to strictly comply with the terms of the deed of trust. *See Henderson*, 27 Tenn. at 695 ("When, by the terms of the deed, the trustee is required before making sale to give notice to the bargainor of the time and place of sale, the giving of such notice is in the nature of a condition precedent, and, if not complied with, the sale is unauthorized and void and will communicate no title to the purchaser.") (emphasis added); *Cowan v. Child*, No. 03A01-9209-CH-326, 1993 WL 141552, at *4 (Tenn. Ct. App. May 5, 1993) ("Where, by the terms of the deed of trust, personal notice of the intended sale is required, such notice must be given in order to render the sale valid."); *In re Kitts*, 274 B.R. 491, 494 (Bankr. E.D. Tenn. 2002) (concluding that the "Movant's disregard for the Deed of Trust's notice provisions invalidates its foreclosure purchase" without mention of damages or prejudice to debtor).

Based on our careful review of the applicable authorities, we conclude that Defendants' alternative argument with respect to damages and/or prejudice is unavailing and that a violation of the terms of the Deed of Trust would render the foreclosure sale invalid without further proof of damages or prejudice to Mr. Case under a wrongful foreclosure cause of action.

## B. Notice of Postponement

Having concluded that Mr. Case need not have presented proof of damages and/or prejudice to survive Defendants' motion for summary judgment or to establish a wrongful foreclosure cause of action, we must determine whether Defendants in fact violated the notice requirements of the Deed of Trust. Determining whether Defendants strictly complied with the Deed of Trust's notice requirements will require us to review and interpret the relevant sections of the Deed of Trust. "Generally, the interpretation of written contracts is a matter of law that we review *de novo* on the record with no presumption of correctness." *Bank of New York Mellon v. Chamberlain*, No. M2019-00876-COA-R3-CV, 2020 WL 563527, at *6 (Tenn. Ct. App. Feb. 5, 2020). Concerning contract interpretation, this Court has explained:

It is well settled that the language used in a contract must be taken and understood in its plain, ordinary, and popular sense. In construing contracts, the words expressing the parties' intentions should be given the usual, natural, and ordinary meaning. Provisions in a contract "should be construed in harmony with each other, if possible, to promote consistency and to avoid repugnancy between the various provisions of a single contract." *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). If the language of a written instrument is unambiguous, the Court must interpret it as written rather than according to the unexpressed intention of one of the parties. A contract is not ambiguous merely because the parties have different interpretations of the contract's various provisions, nor can this Court create an ambiguity where none exists in the contract. The interpretation of a written contract is a matter of law and not of fact.

*Fisher v. Revell*, 343 S.W.3d 776, 779 (Tenn. Ct. App. 2009) (other internal citations omitted).

Mr. Case requests that this Court interpret the Deed of Trust in such a manner that it would have required Defendants to provide him with written notice of the foreclosure sale's postponement. Mr. Case relies on portions of Sections 15 and 22 as the basis of his argument. Paragraph 15 provides in pertinent part:

All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with

this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. . . . If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

Paragraph 22 provides in pertinent part:

> If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by Applicable Law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in Section 15. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and under the terms designated in the notice of sale.

Defendants have argued and the trial court determined that Defendants' compliance with Tennessee Code Annotated § 35-5-101(f) satisfied the notice provision in Section 15 by reason of the following language: "If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument." Inasmuch as Tennessee Code Annotated § 35-5-101(f) only requires notice of the new date, time, and location to be mailed if the postponement is for more than thirty days, Defendants contend and the trial court found that Defendants were not required to mail notice of the postponed sale date and time because the new date was postponed for less than thirty days. Defendants also posit that "there must first be a notice in order to require that the same be in writing," noting that the Deed of Trust is silent on the issue of postponement.

We first discern the terms of the Deed of Trust to be unambiguous and will thus interpret it as written, giving the words their "usual, natural, and ordinary meaning." *See Fisher*, 343 S.W.3d at 779. Section 15 of the Deed of Trust clearly requires that all notices "in connection with this Security Instrument" be in writing. Section 15 also provides: "If any notice required by this Security Instrument is <u>also required under Applicable Law</u>, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument." (Emphasis added.) The trial court interpreted this provision and concluded:

> With respect to postponements of non-judicial foreclosure sales, Tenn. Code Ann. § 35-5-101(f) provides that "[u]nless postponement or adjournment is contractually prohibited, any sale hereunder may be adjourned and rescheduled one (1) or more times without additional newspaper publication." The "postponement or adjournment must be to a

- 16 -

specified date and time, and must be announced at the date, time and location of each scheduled sale date."

> Written notice of the postponement is not required unless the foreclosure sale is postponed for "more than thirty (30) days."

> Because the foreclosure sale was postponed to March 23, 2020, Wilmington and Wilson & Associates were not required to provide written notice of the postponement to Plaintiff.

> Regarding the postponement, Wilson & Associates complied with Tenn. Code Ann. § 35-5-101(f) by appearing "at the date, time and location" of the scheduled sale and announcing that the sale would be postponed "to a specified date and time."

> In accordance with section 15 of the Deed of Trust, compliance with Tenn. Code Ann. § 35-[5]-101(f) satisfies the notice provisions of the Deed of Trust.

> Wilmington and Wilson & Associates complied with all applicable Tennessee laws and Deed of Trust provisions pertaining to notice of the foreclosure sale and Plaintiff has failed to provide any evidence to the contrary.

(Paragraph numbering omitted.) Based on its conclusions of law, the trial court determined that Wilmington had complied with the notice requirements of the Deed of Trust by complying with the notice requirement outlined in Tennessee Code Annotated § 35-5-101(f).

However, based on the relevant language of Section 15, compliance with Tennessee's statutory notice provisions only satisfies the notice requirements of the Deed of Trust if notice is <u>also required</u> by Tennessee law. In this case, Tennessee law did not require Defendants to provide Mr. Case with notice. Tennessee Code Annotated § 35-5-101(f) (2021) provides:

> Unless postponement or adjournment is contractually prohibited, any sale hereunder may be adjourned and rescheduled one (1) or more times without additional newspaper publication, upon compliance with the following provisions:

> (1) The sale must be held within one (1) year of the originally scheduled date;

(2)     Each postponement or adjournment must be to a specified date and time, and must be announced at the date, time and location of each scheduled sale date;

(3)     If the postponement or adjournment is for more than thirty (30) days, notice of the new date, time, and location must be mailed no less than (10) calendar days prior to the sale date via regular mail to the debtor and co-debtor; and

(4)     Notice of the right to postpone or adjourn without additional newspaper publication shall not be required to be published in any newspaper publication.

According to the statute, publication is not required to advertise postponement, and notice of the new date, time, and location need only be mailed if the postponement was for more than thirty days.  In this case, Defendants postponed the foreclosure for twenty-eight days, and the trial court correctly found that Defendants were not required by statute to provide written notice.  Ergo, Tennessee law did <u>not require</u> notice of the postponement, and as a result, there was no "Applicable Law requirement" that would satisfy the corresponding requirement in the Deed of Trust.  Therefore, the "Applicable Law requirement" did not apply to the postponement.  If Defendants were required by the Deed of Trust to give Mr. Case notice of the postponement, said notice needed to be in writing in compliance with Section 15.

Although the trial court made no findings of fact or conclusions of law with respect to whether the Deed of Trust was silent as to the postponement procedure, Defendants contend on appeal that the "Deed of Trust is devoid of any mention of foreclosure sale postponements and contains only a single notice requirement regarding foreclosure sales . . . which is that a copy of the advertised notice of sale be mailed to the borrower."  According to Defendants, they were not required to send a written notice of postponement to Mr. Case because the Deed of Trust was silent on the issue of postponements.

However, as Mr. Case briefly notes in his appellate brief and raised in his amended complaint in the trial court proceedings, Section 22 of the Deed of Trust provides that the trustee shall sell the property "under the terms designated in the notice of sale."  The Notice of Sale in this matter provides:

The sale held pursuant to this Notice may be rescinded at the Successor Trustee's option at any time.  The right is reserved to adjourn the day of the sale to another day, time, and place certain without further publication, upon announcement at the time and place for the sale set forth above.  In the event of inclement weather, the trustee hereby announces that

- 18 -

the sale will be postponed for a period of two weeks.  <u>In such situations, notices will be mailed to interested parties of record</u>.

(Emphasis added.)  Section 22 of the Deed of Trust incorporates the language of the Notice of Sale into its conditions such that "[f]ailure to conduct the foreclosure sale 'at the time and under the terms designated in the notice of sale' would be a violation of the terms contained in the deed of trust." *Wells Fargo Bank, N.A. v. Lockett*, No. E2013-02186-COA-R3-CV, 2014 WL 1673745, at *3 (Tenn. Ct. App. Apr. 24, 2014).  Based on this provision of the Notice of Sale, it would appear that the notice requirement provided in the Deed of Trust via the Notice of Sale exceeded the statutory requirement and required that notice of postponement of the foreclosure sale be mailed to Mr. Case.  Defendants, however, argue that Mr. Case has waived his argument that this provision applied to the postponement because he did not raise the argument in the trial court.  Alternatively, Defendants contend that the last sentence of the provision only applies to the preceding sentence regarding inclement weather.

In a previous section, we declined to deem this issue waived by Mr. Case.  We note that "issues raised for the first time on appeal are waived." *Dye v. Witco Corp.*, 216 S.W.3d 317, 321 (Tenn. 2007) (quoting *Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996)).  However, Mr. Case did raise the issue concerning notice of postponement in his amended complaint and also attached the Notice of Sale to his amended complaint as an exhibit.  In his amended complaint, Mr. Case asserted:  "The original notice of intent to foreclose [Notice of Sale] by Successor Trustee required such written notice to 'interested parties' and no such written notice was provided to anyone."  We have therefore declined to find that Mr. Case waived use of specific language in the Notice of Sale in furtherance of his sale postponement argument.

We now consider Defendants' argument that the last sentence in the provision concerning postponements in the Notice of Sale only applies to the immediately preceding circumstance in which inclement weather prevents the foreclosure sale and such sale is consequently postponed for a two-week period.  We likewise find this argument unavailing.  The last paragraph of the Notice of Sale provides three situations in which the foreclosure sale would not take place:  (1) the sale is rescinded; (2) the sale is adjourned to another date, time, and place; or (3) inclement weather causes the sale to be postponed for a period of two weeks.  The last sentence of this paragraph states:  "In such situations, notices will be mailed to interested parties of record."  Defendants urge this Court to interpret "such situations" as solely including the third scenario in which the sale is postponed for a period of two weeks due to inclement weather.  However, this last provision concerning notice is a stand-alone sentence.  The notice provision is not connected to the inclement weather provision by a semi-colon and does not otherwise indicate that it is only applicable to the scenario in the preceding sentence.  The more natural reading of the notice provision is to read it in light of the last paragraph as a whole

and to read the notice provision as applying to all three of the listed situations in which the sale does not occur.[7]

In its memorandum in support of its motion for summary judgment, Wilmington cited *Gibson v. Mortg. Elec. Registration Sys., Inc.*, 23 F. Supp. 3d 895 (W.D. Tenn. 2014) and *Ford v. Specialized Loan Servicing, LLC*, No. 21:6-cv-02414-JPM-tmp, 2017 WL 5069114 (W.D. Tenn. Aug. 9, 2017) in support of its proposition that the Deed of Trust did not require written notice of postponement. Although Defendants do not cite these cases in their appellate brief, we find them distinguishable and noteworthy of discussion. Like the security instrument in the present case, the deed of trust in *Gibson* provided that the substitute trustee would sell the property "*under the terms designated* in the notice of sale." *Gibson*, 23 F. Supp. 3d at 906. The notice of sale provided that the substitute trustee reserved the right to adjourn the day of the sale to another date, time, and place "'without further publication, upon announcement at the time and place for the sale set forth' in the notice." *Id.* This is the exact language used in the Deed of Trust at issue in the present case.

In describing the interplay of the notice of sale with the deed of trust, the district court concluded: "[T]he Deed of Trust provided that the sale would take place in accordance with the terms of the notice itself, and the notice in turn granted the substitute trustee the right to adjourn the noticed sale by oral announcement and without additional publication or formal notice to Plaintiffs." *Id.* The district court as a result found that the defendants were not required to provide the plaintiff with a separate written notice of postponement. *Id.* However, *Gibson* is distinguished from the present case by the additional language included in the Notice of Sale at issue here. The Notice of Sale in the instant action includes the additional statement that "[i]n such situations, notices will be mailed to interested parties of record." No such language was mentioned as included in the notice of sale in *Gibson*, and as such, we find the additional language in the Notice of Sale in this matter to require a different outcome.

With respect to *Ford*, the district court found that because the deed of trust was "silent" as to any requirement of notice of postponement, the postponement provisions of Tennessee Code Annotated § 35-5-101 governed the postponement of the foreclosure sale. *Ford*, 2017 WL 5069114, at *4. We, again, find this case distinguishable because *Ford*

---

[7] We further note that although the last paragraph of the Notice of Sale provides that Defendants maintained the right to postpone the sale "without further publication," this does not nullify the last sentence, which provides that "notices will be mailed to interested parties of record." "Publication" and "notice" are not synonymous as evinced by Tennessee Code Annotated § 35-5-101(f), which provides that no additional newspaper publication is required if a foreclosure sale is postponed, while nevertheless requiring "notice" to be mailed if the sale is postponed for more than thirty days. Therefore, the Notice of Sale's provision relieving Defendants of "further publication" does not invariably mean further notice is not required, particularly in light of the provision stating notice will be mailed in "such situations."

contained no indication that the deed of trust incorporated a notice of sale that provided for the mailing of notices of postponement as the Deed of Trust in the present case provided.

Having concluded that Section 22 of the Deed of Trust mandates that the foreclosure sale will take place "under the terms designated in the notice of sale," which in turn provides that Mr. Case would be mailed notice of postponement, we determine that Defendants did not strictly comply with the notice provisions of the Deed of Trust because they failed to mail Mr. Case notice that the foreclosure sale had been moved to March 23, 2020. We therefore reverse in part the trial court's order granting Defendants' motion for summary judgment specifically as to Mr. Case's wrongful foreclosure claim. As a result of Defendants' failure to strictly comply with the terms of the Deed of Trust, the foreclosure sale must be set aside.

## VI. Damages Pursuant to
## Tennessee Code Annotated § 27-1-122

Defendants additionally posit that they should be awarded "just damages," pursuant to Tennessee Code Annotated § 27-1-122, given the purportedly frivolous nature of Mr. Case's appeal. Tennessee Code Annotated § 27-1-122 (2017) provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

We do not find Mr. Case's appeal to be frivolous, particularly considering his partial success on appeal. We therefore deny Defendants' request for damages incurred in defending against Mr. Case's appeal.

## VII. Conclusion

Having determined that Defendants failed to strictly comply with the Deed of Trust's notice requirements, we reverse in part the trial court's order granting Defendant's motion for summary judgment as to Mr. Case's wrongful foreclosure claim and set aside the foreclosure sale. We affirm the trial court's dismissal of Mr. Case's breach of contract action. Additionally, we deny Defendants' request for damages incurred in defending against this appeal. Costs on appeal are taxed one-half to the appellant, Terry Case, and one-half to the appellees, Wilmington Trust, N.A., and Wilson & Associates, PLLC.

s/ Thomas R. Frierson, II_____
THOMAS R. FRIERSON, II, JUDGE