IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 1, 2022

**BRADY L. DANIELS ET AL. v. VINCE TROTTER**

**Appeal from the Chancery Court for Hamilton County
No. 19-0040  Jeffrey M. Atherton, Chancellor**

————————————————————

**No. E2020-01452-COA-R3-CV**

————————————————————

This appeal involves the mortgagors' petition to set aside the non-judicial foreclosure of a piece of real property, alleging that the mortgagors and owner of the property were not given proper notice of the non-judicial foreclosure sale.  The mortgagee and the beneficiary of the deed of trust concerning the property at issue is the City of Chattanooga.   The property was sold to Vince Trotter in a foreclosure auction.  In a court order, which was certified as final pursuant to Tenn. R. Civ. P. 54.02, the trial court granted summary judgment in favor of Mr. Trotter, determining that Tenn. Code Ann. § 35-5-106 prevented the foreclosure sale from being considered void or voidable due to lack of notice and that the mortgagors had a constitutionally adequate remedy of monetary damages.  Despite the mortgagors arguing that Tenn. Code Ann. § 35-5-106 is unconstitutional as applied to governmental entities, the Tennessee Attorney General's Office was not notified of the constitutional challenge to the statute, as required by Tenn. R. Civ. P. 24.04, Tenn. R. App. P. 32, and Tenn. Code Ann. § 29-14-107(b).  Therefore, we vacate the trial court's grant of summary judgment in favor of Mr. Trotter and remand to the trial court to provide the required notice to the Tennessee Attorney General's Office.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY W. ARMSTRONG, JJ., joined.

Sharon McMullan Milling, Hixson, Tennessee, for the appellants, Brady L. Daniels and Sylvia Benford Daniels.

John C. Cavett, Jr., Chattanooga, Tennessee, for the appellee, Vincent Trotter.

# OPINION

## Background

Since 1971, Sylvia L. Benford Daniels and Marian L. Benford had been the joint owners of a piece of property located in Chattanooga, Tennessee ("the Property"). In 1996, Marian Benford, Sylvia L. Benford Daniels, and Brady Daniels executed a deed of trust, and Ms. Benford made all mortgage payments until her death in 2010. As part of the loan process, the loan application and the "Loan Master Information" listed the address of Sylvia L. Benford Daniels and Brady Daniels (collectively, "the Daniels") as being in Columbia, Maryland. The record also includes a document entitled, "Chattanooga Home Improvement Program Deed of Trust and Security Agreement," which states that the instrument is a "Construction Mortgage." The lender and beneficiary of the deed of trust is listed as "the CITY OF CHATTANOOGA, organized and existing under the Laws of the State of Tennessee." The deed of trust reflects that the document was prepared by and filed for the City of Chattanooga c/o Chattanooga Neighborhood Enterprise, Inc.

Following Ms. Benford's death, Sylvia Benford Daniels became the sole owner of the property due to the right of survivorship clause in the original deed. The Daniels were both co-debtors to the mortgage on the Property. At all times relevant, the Daniels continued to reside at their address in Columbia, Maryland as listed in the loan application document. A relative of Ms. Daniels was residing at the Property and had agreed to pay the mortgage payments. At some point, the family member ceased making the mortgage payments, and the City of Chattanooga, as "beneficiary under the Deed of Trust and the true and lawful owner and holder of the [promissory note]," appointed a successor trustee to conduct the foreclosure process. The Daniels did not receive notice at their Maryland address of non-payment of the mortgage or of the upcoming foreclosure sale. Instead, the foreclosure notices addressed to the Daniels were sent to the Property address in Chattanooga, Tennessee. The record reflects that the family member residing at the Property at the time of the foreclosure was also copied on the notice of foreclosure. The public auction for the Property was advertised in the Chattanooga Times Free Press, and the Property was purchased at the foreclosure sale by the respondent, Vince Trotter. Title was transferred to Mr. Trotter by successor trustee's deed in November 2018. The Daniels did not learn of the foreclosure until after title of the Property had been transferred to Mr. Trotter.

In January 2019, the Daniels filed a petition to set aside the successor trustee's deed and to declare Sylvia Daniels the owner of the real property, alleging that they did not receive notice of the foreclosure sale by the City of Chattanooga and Chattanooga Neighborhood Enterprise, Inc. Alternatively, the Daniels requested a judgment for fair market value of the Property, as well as pre-judgment interest and post-judgment interest. The Daniels filed their action in the Hamilton County Chancery Court (the "Trial Court"). In their petition, the Daniels also named Vince Trotter as a respondent and alleged that he

- 2 -

was not a bona fide purchaser for value and had not purchased the property in good faith.[1] Mr. Trotter filed an answer to the petition and included a counter-complaint against the Daniels, alleging that the Daniels "and/or their relatives" have continued to reside on the Property since the sale to Mr. Trotter and requesting damages and possession of the Property. Mr. Trotter also included a cross-complaint against the respondents, the City of Chattanooga and Chattanooga Neighborhood Enterprise, Inc. In October 2019, the Daniels filed a motion to amend their petition to include the allegation that Tenn. Code Ann. § 35-5-101, *et seq.*, as applied in the present case violates the Daniels' constitutional rights. The Trial Court subsequently granted the motion to amend upon agreement of the parties, and the Daniels filed their amended petition alleging the unconstitutionality of Tenn. Code Ann. § 35-5-106.

Mr. Trotter filed a motion for summary judgment, requesting that all claims against him be dismissed. In his memorandum of law, Mr. Trotter argued that the Daniels had not alleged fraud, had not sought monetary damages from Mr. Trotter, and the foreclosure sale was not void or voidable pursuant to Tennessee law. According to Mr. Trotter, the motion for summary judgment "seeks a dismissal of the Daniels' efforts to set aside the sale only." Mr. Trotter cited to Tenn. Code Ann. § 35-5-106 and argued that the "mere failure to identify or provide notice to an interested party does not provide sufficient grounds to set aside a foreclosure sale."

The Daniels responded to Mr. Trotter's motion and opposed the dismissal, arguing that the foreclosure of the Property was a governmental "taking" without due process of law, that Tenn. Code Ann. § 35-5-106 is unconstitutional as applied to the taking of property by the government, and that the City of Chattanooga and Chattanooga Neighborhood Enterprise, Inc. failed to comply with the notice provisions of Tenn. Code Ann. § 35-5-101(e) by sending notice to the Daniels' last known address. According to the Daniels, this foreclosure by the City of Chattanooga was "a state action rather than an action by a private entity" and was, therefore, a governmental taking. The Daniels argued that because this is a governmental taking, Tenn. Code Ann. § 35-5-106 is unconstitutional in this case. The record does not reflect that the Daniels or anyone else provided notice to the Attorney General's Office regarding their allegations that Tenn. Code Ann. § 35-5-106 is unconstitutional as applied.

The Trial Court conducted a hearing on the summary judgment motion. According to the Trial Court's order, Mr. Trotter conceded for purposes of the summary judgment motion that the City of Chattanooga and Chattanooga Neighborhood Enterprise, Inc. did not send proper notice to the Daniels of the foreclosure action, as required by Tenn. Code

---

[1] This appeal involves only the action against the respondent, Vince Trotter. At the time this appeal was initiated, Plaintiff's action against the City of Chattanooga and Chattanooga Neighborhood Enterprise, Inc. was still pending in the Trial Court. The judgment dismissing the claims against Mr. Trotter was certified as a final judgment pursuant to Tenn. R. Civ. P. 54.02.

Ann. § 35-5-101. The Trial Court entered an order in July 2020, granting Mr. Trotter's motion for summary judgment upon its determination that the foreclosure sale was not void or voidable pursuant to Tenn. Code Ann. § 35-5-106 and that the chancery court did not have jurisdiction to set aside the foreclosure sale. Regarding the Daniels' constitutional claims, the Trial Court distinguished the Daniels' reliance on a Court of Appeals opinion in *Owens v. Hamilton Cty.*, No. E2017-02395-COA-R3-CV, 2018 WL 6253818, at *5 (Tenn. Ct. App. Nov. 28, 2018), because *Owens* involved the collection of municipal taxes and lack of service of process. The Trial Court explained that "[t]he collection of municipal taxes is a governmental function and differs from a governmental entity pursuing a private remedy for a breach o[f] contract." Therefore, the Trial Court found that Tennessee statutory law related to non-judicial foreclosures provides adequate due process protections and a "constitutionally adequate remedy for a violation – a claim for monetary damages." Mr. Trotter filed a motion requesting that the Trial Court declare the July 2020 order to be a final order, pursuant to Tenn. R. Civ. P. 54.02, which the Trial Court granted.

The Daniels timely appealed to this Court. Following entry of the Trial Court's order, the Daniels' allegations against the City of Chattanooga and Chattanooga Neighborhood Enterprise, Inc. remained pending, as well as the cross-complaint and counter-complaint filed by Mr. Trotter. In September 2021, this Court entered an order, directing the parties to brief the issue of whether this Court had jurisdiction to consider this appeal due to Mr. Trotter's pending cross-complaint and counter-complaint. Subsequently, Mr. Trotter voluntarily dismissed his cross-complaint and counter-complaint, and the Trial Court entered an order declaring that the Trial Court's July 2020 order was a final judgment pursuant to Tenn. R. Civ. P. 54.02. This Court thereafter entered an order relieving the parties of the obligation of briefing the jurisdictional issue.

## **Discussion**

Although not stated exactly as such, the Daniels raise the following issues for our review on appeal: (1) whether this Court has jurisdiction to consider this appeal and (2) whether the lack of adequate notice of a foreclosure sale when the mortgagee is a governmental entity is a violation of due process and gives a trial court the authority to act beyond the scope of Tenn. Code Ann. § 35-5-106.

Although the parties were relieved of their obligation to address the issue of this Court's subject matter jurisdiction, the Daniels have included jurisdiction as their first issue on appeal. This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See* Tenn. R. App. P. 3(a). A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or

appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008), *no appl. perm. appeal filed*.

Even if an order adjudicates fewer than all claims for relief, a trial court may certify an order as final, pursuant to Tenn. R. Civ. P. 54.02, "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." However, this Court has held that Tenn. R. Civ. P. 54.02 is applicable in limited circumstances and "does not apply to all orders that are interlocutory in nature." *E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *3 (Tenn. Ct. App. April 17, 2018), *perm. app. denied* (Tenn. Aug. 9, 2018) (quoting *Konvalinka v. Am. Int'l Grp., Inc.*, No. E2011-00896-COA-R3-CV, 2012 WL 1080820, at *3 (Tenn. Ct. App. Mar. 30, 2012)). For a trial court to properly certify an order as final pursuant to Tenn. R. Civ. P. 54.02, the order should dispose of, at least, an entire claim or an entire party. *E. Solutions for Buildings, LLC*, 2018 WL 1831116, at *3.

When this appeal began, Mr. Trotter's cross-complaint and counter-complaint were pending before the Trial Court. However, Mr. Trotter later voluntarily dismissed those claims, and the Trial Court certified its July 2020 order as a final order and found that there was no just reason for delaying entry of a final order. Because all of the claims involving Mr. Trotter have been resolved in the Trial Court, we find that the Trial Court's order was properly certified as final, pursuant to Tenn. R. Civ. P. 54.02, and that this Court has subject matter jurisdiction over the appeal.

We next address the Daniels' issue regarding whether the Trial Court erred by relying on Tenn. Code Ann. § 35-5-106 and granting summary judgment in favor of Mr. Trotter. Concerning summary judgment, our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

* * *

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id*. When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015) (emphasis in original).

Tennessee statutory law regulates non-judicial foreclosures. The Trial Court relied on Tenn. Code Ann. § 35-5-106 in granting summary judgment in favor of Mr. Trotter. Tenn. Code Ann. § 35-5-101(e) requires that in any sale of real property to foreclose a deed

of trust, mortgage, or other lien, the trustee shall send notice to the debtor and any co-debtors. Notice to a co-debtor shall be sent to his or her last known mailing address or any other address the co-debtor has designated for the specific purpose of receiving notice. *See* Tenn. Code Ann. § 35-5-101(e)(2). Additionally, Tenn. Code Ann. § 35-5-106 provides that "[s]hould the officer, or other person making the sale, proceed to sell without pursuing the provisions of this chapter, the sale shall not, on that account, be either void or voidable." Furthermore, Tenn. Code Ann. § 35-5-107 provides that the officer or other individual making the sale who fails to comply with the requirements in this chapter of conducting a private foreclosure sale is guilty of a class C misdemeanor and is liable for all damages incurred by the party injured due to his or her noncompliance.

As this Court has previously held regarding Tenn. Code Ann. § 35-5-106, it is clear that in enacting this statute, the General Assembly intended to eliminate the uncertainty with land titles resulting from foreclosure sales. *See McSwain v. Am. Gen. Fin., Inc.*, No. 02A01-9309-CH-00215, 1994 WL 398819, at *2 (Tenn. Ct. App. July 22, 1994). As the Court stated in *McSwain*, in pertinent part:

> T.C.A. § 35-5-106 clearly and unequivocally provides that the failure to pursue the provisions of "this chapter" shall not render the sale void or voidable. It is apparent that the legislature did not want uncertainty concerning land titles to prevail. This is made even more clear by the provisions of T.C.A. § 35-5-107, which specifically provide relief for anyone affected by noncompliance with the foreclosure statutes.

*Id.* Our Supreme Court has held in *Doty v. Fed. Land Bank of Louisville*, 89 S.W.2d 337, 339 (Tenn. 1936), that with Tenn. Code Ann. § 35-5-106, a court "would not be authorized to set aside" a foreclosure sale not complying with the procedures in chapter 5 and that compensatory damages would be the remedy prescribed.

According to the Daniels, however, the foreclosure by the City of Chattanooga was a "taking" by a governmental entity without due process, and the Trial Court should have been permitted to act beyond the scope of Tenn. Code Ann. § 35-5-106 to consider the constitutional implications. The Due Process clause of the Fourteenth Amendment of the United States Constitution prohibits the States from depriving any person of life, liberty, or property without providing the person with due process of law. Similarly, the Tennessee Constitution, Article I, section 8 provides: "That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."

It is well-settled that the due process clause of the Fourteenth Amendment applies only to state action, not private conduct. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156-57 (1978). Tennessee's "law of the land" clause found at Article I, section 8 of the

Tennessee Constitution provides the same protection as the due process clause of the federal constitution, and a violation of Article I, section 8 also requires state action. *CitiMortgage, Inc. v. Drake*, 410 S.W.3d 797, 806 (Tenn. Ct. App. 2013); *see also Bryant v. Tenet, Inc.*, 969 S.W.2d 923, 925 (Tenn. Ct. App. 1997) ("Since 'state action' is necessary to invoke the protection of the Fourteenth Amendment, we conclude that the same is true with respect to Article I, § 8." (internal citations omitted)).

Typically, private non-judicial foreclosures are not considered state action for purposes of due process. *See CitiMortgage, Inc. v. Drake*, 410 S.W.3d at 805-06. Non-judicial foreclosures generally involve "a contractually-determined act involving private parties, not the state." *See Drake v. Citimortgage, Inc.*, No. 1:10-CV-305, 2011 WL 1396774, at *2 (E.D. Tenn. Apr. 13, 2011). This Court has held that even considering Tennessee's statutory authority enacted to regulate non-judicial foreclosures, *see* Tenn. Code Ann. § 35-5-101 *et seq.*, a "private non-judicial foreclosure by auction does not involve state action." *CitiMortgage, Inc. v. Drake*, 410 S.W.3d at 805-06. We agree with this Court's holding in *CitiMortgage, Inc. v. Drake* that the General Assembly's enactment of statutes to govern non-judicial foreclosure sales is not, in itself, considered state action. However, this Court's opinion in *CitiMortgage, Inc. v. Drake* involved private parties to a foreclosure and not a governmental entity.

In the case at bar, there is no question whether a governmental entity was involved in the foreclosure of the Property; the City of Chattanooga is listed as the beneficiary under the deed of trust and the owner of the promissory note. Upon our consideration of whether state action exists when a governmental entity acts as a mortgagee, it is an open question in Tennessee whether a non-judicial foreclosure by a governmental entity may be subject to due process protections afforded by the Fourteenth Amendment of the United States Constitution and Article I, Section 8 of the Tennessee Constitution. *See Sprauve v. W. Indian Co. Ltd.*, 799 F.3d 226, 229-30 (3d Cir. 2015) (stating that the court could avoid a determination of whether a private party's conduct constituted state action "when the actor is the government" and held that the governmental entity was subject to claims under the United States Constitution (citing *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 378 (1995))); *Lehner v. United States*, 685 F.2d 1187, 1190 (9th Cir. 1982) (internal footnote and citations omitted) ("When the Government acts as mortgagee, clearly the mortgagor has a right to notice and a hearing prior to the [foreclosure] sale."); *Anderson v. Alaska Hous. Fin. Corp.*, 462 P.3d 19, 27 (Alaska 2020) ("As a government entity, AHFC [Alaska Housing Finance Corporation] must satisfy restrictions imposed on state action by the Alaska Constitution, including its Due Process Clause."); *but see AgriBank FCB v. Cross Timbers Ranch, Inc.*, 919 S.W.2d 263, 268 (Mo. Ct. App. 1996) ("Even a wholly-owned federal entity can enforce a valid contractual provision for foreclosure under a power of sale as authorized by Missouri statutes without running afoul of the constraints of the Fifth Amendment.").

Although not using the words "state action," the Trial Court appeared to at least minimally consider whether the actions of the City of Chattanooga and Chattanooga Neighborhood Enterprise, Inc. were state action when it distinguished this Court's case of *Owens v. Hamilton Cty.*, No. E2017-02395-COA-R3-CV, 2018 WL 6253818, at *5 (Tenn. Ct. App. Nov. 28, 2018), and explained that "[t]he collection of municipal taxes is a governmental function and differs from a governmental entity pursuing a private remedy for a breach o[f] contract." Additionally, the Trial Court went on to determine that Tennessee statutory law related to non-judicial foreclosures provides adequate due process protections for mortgagors and a "constitutionally adequate remedy for a violation – a claim for monetary damages."

However, upon our review of the record on appeal, we see no evidence that the Tennessee Attorney General's Office was notified during the trial court proceedings of the Daniels' claim that Tenn. Code Ann. § 35-5-106 is unconstitutional as applied to mortgagees that are governmental entities. There is no evidence that the Daniels have provided notice of their constitutional challenge on appeal. Tenn. Code Ann. § 29-14-107(b) requires that the Tennessee Attorney General and Reporter be served with a copy of the proceeding and given an opportunity to be heard if a statute of statewide effect is alleged to be unconstitutional. Tenn. R. Civ. P. 24.04 further provides that "[w]hen the validity of a statute of this state . . . is drawn in question in any action to which the State or an officer or agency is not a party, the court shall require that notice be given the Attorney General, specifying the pertinent statute . . . ." Additionally, Tenn. R. App. P. 32 necessitates that when the validity or constitutionality of a Tennessee statute is at issue in an appeal to which the state, a state officer, or a state agency is not a party, the party raising the issue concerning the validity or constitutionality of the statute shall serve a copy of his or her appellate brief on the Tennessee Attorney General. While the City of Chattanooga is a party in this action, the necessity of notifying the Attorney General under the relevant rules of court and statute is clear as the ultimate resolution of this action will decide the constitutionality of Tenn. Code Ann. § 35-5-106 specifically when a governmental entity is the mortgagee.

The Daniels have maintained that Tenn. Code Ann. § 35-5-106 is unconstitutional as applied since their amended petition and response to Mr. Trotter's summary judgment motion in the trial court proceedings. The Trial Court was obligated under Tenn. R. Civ. P. 24.04 to require that notice be provided to the Tennessee Attorney General of the constitutional challenge to a state statute. As this Court has stated, Rule 24.04 "makes it clear that the trial court sits as gatekeeper to inquire whether notice has been provided to the Attorney General by the challenger and to suspend proceeding on the constitutional challenge until such notice has been provided and a response from the Attorney General received." *In re Adoption of E.N.R.*, 42 S.W.3d 26, 33 (Tenn. 2001). We note that the record in this appeal is lacking any evidence that such notice was provided.

The requirement that notice be provided to the Tennessee Attorney General is twofold. *Waters v. Farr*, 291 S.W.3d 873, 918-19 (Tenn. 2009) (J. Koch, concurring in part). Providing notice to the Attorney General of a constitutional challenge to a state statute "enables the Office of the Attorney General to discharge its responsibility to defend the constitutionality of state statutes" and ensures that the contested statute is vigorously defended. *Id.* We find nothing in the record that shows that any party provided notice to the Tennessee Attorney General of the constitutional challenge either during the trial court proceedings or on appeal. "Before we can consider an attack on the constitutionality of a statute, the record must reflect compliance with Tennessee Rule of Civil Procedure 24.04, Tennessee Rule of Appellate Procedure 32, and Tennessee Code Annotated section 29-14-107(b), which all require that notice be provided to the Attorney General." *Tennison Bros., Inc. v. Thomas*, 556 S.W.3d 697, 731 (Tenn. Ct. App. 2017); *see also In re Cannon H.*, No. W2015-01947-COA-R3-JV, 2016 WL 5819218, at *7 (Tenn. Ct. App. Oct. 5, 2016), *perm. app. denied* (Tenn. Feb. 21, 2017). Due to lack of evidence in the record that the Tennessee Attorney General had been notified of the Daniels' constitutional challenge to Tenn. Code Ann. § 35-5-106 when involving a governmental entity, we vacate the Trial Court's order granting summary judgment in favor of Mr. Trotter and remand for notice to be provided to the Tennessee Attorney General of the constitutional challenge to Tenn. Code Ann. § 35-5-106 as applied to governmental entities acting as mortgagees in a non-judicial foreclosure action. Compliance with Tennessee Rule of Civil Procedure 24.04, Tennessee Rule of Appellate Procedure 32, and Tennessee Code Annotated Section 29-14-107(b) requires this result even though the Trial Court in this particular case denied the constitutional challenge, as the result in the next trial court to face a constitutional challenge to a statute could go the other way. Upon remand following notice to the Tennessee Attorney General's Office, the Trial Court shall consider whether state action is involved in a non-judicial foreclosure where a governmental entity is the mortgagee and, if yes, whether Tenn. Code Ann. § 35-5-106 is unconstitutional as applied when the government is the mortgagee.

## Conclusion

The judgment of the Trial Court granting summary judgment in favor of Mr. Trotter is vacated and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion. The costs on appeal are assessed one-half against the appellants, Brady L. Daniels and Sylvia Benford Daniels, and their surety, if any, and one-half against the appellee, Vince Trotter.

_____
D. MICHAEL SWINEY, CHIEF JUDGE